UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
(EAST ST. LOUIS)

| | |
|---|---|
| JESSE WARD,<br><br>                           Plaintiff,<br><br>- against -<br><br>CONSEQUENCE HOLDINGS, INC.<br><br>                           Defendant. | Docket No. 3:18-cv-01734 (NJR-MAB)<br><br>**DECLARATION OF RICHARD LIEBOWITZ** |

I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Jesse Ward ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against defendant Consequence Holdings, Inc. ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

**(i)** *Why a Default Judgment is Appropriate, Including a Description of the Method and Date of Service of the Original Summons and Complaint*

3. Plaintiff's claims for copyright infringement and violation of the DMCA involve Defendant's unlawful expropriation of Plaintiff's registered photograph of American rapper Bobby Shmurda in court (the "Photograph") and removal of Plaintiff's copyright management information in the form of a gutter credit.

4. On February 24, 2015, the New York Daily News ran an article that featured the Photograph entitled *Rapper Bobby Shmurda's Brooklyn gun possession charge officially becomes part of conspiracy case.* Ward's name was featured in a gutter credit identifying him as the photographer of the Photograph.

5. On September 9, 2016, Defendant re-published the Photograph on its website, http://conseuqenceofsound.net, without Plaintiff's authorization and without any attribution to Plaintiff.

6. On September 25, 2018, a copy of the summons and complaint was personally served on the authorized agent for Defendant named Derrick Hackett. [Affidavit of Service, Dkt. #8] The deadline to file an answer or responsive pleading was October 16, 2018.

7. The basis for entry of default is Defendant's failure to answer or otherwise file a response to the complaint.

**(ii)** ***Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action***

8. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

**(iii)** ***The proposed damages and the bases for each element of damages including interest, attorneys' fees, and costs***

9. For violation of 17 U.S.C. § 501, Plaintiff seeks $5,000 in actual damages and/or infringers' profits for copyright infringement.

10. For violation of 17 U.S.C. § 1202(b), Plaintiff seeks $10,000 in civil penalties for removal and/or alteration of Plaintiff's copyright management information.

11. Plaintiff also seeks $3375.00 in attorney's fees and $484.40 in costs pursuant to 17 U.S.C. § 505.

**Actual Damages for Count I: Copyright Infringement**

12. **Plaintiff's Lost Licensing Fees.** An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001). The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165; a*ccord Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work.'") Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission. Plaintiff estimates that he would have been entitled to charge up to $1500.00 for use of the Photograph in the manner used by Defendant.

13. **Defendant's Ill-Gotten Gains.** Because Defendant has defaulted, it is unknown what profits Defendant generated from exploitation of the Photograph. Accordingly, all inferences should be drawn against it. An award of actual damages in a copyright infringement case "should be broadly construed to favor victims victims of infringement." *On Davis,* 246 F.3d at 164 (citing, *inter alia,* William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v.*

*Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

14. Under the circumstances describe above, a $3,000 award is justified for Count I.

**Statutory Damages for Count II: Removal of Copyright Management Information**

15. The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B).

16. Federal courts have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA. *See Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. Dec. 10, 2018) ("Defendant shall pay $10,000.00 in statutory damages as civil penalties for removal and/or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)"); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. June 25, 2018) (awarding "$10,000 in civil penalties for improper removal of copyright management information" in violation of 17 U.S.C. § 1202(b)) [True and correct copies of the *Hirsch* and *Myeress* orders are attached hereto as Exhibit A].

**Attorneys' Fees and Costs**

17. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5). Accordingly, Plaintiff seeks $3375.00 in attorneys' fees and $484.40 in costs under 17 U.S.C. § 1203(b)(5).

18.     I am a founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos. I graduated from the Maurice A. Deane School of Law at Hofstra University in 2015 and have personally filed over a thousand copyright infringement lawsuits in since January 2016 and have thereby developed an expertise in the field. My rate is $375/hr.

19.     My hourly rate of $375 is "well below what other courts in this district have found as reasonable" for partners. *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 14-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases approving partners' hourly rates of $400 to $735); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving hourly rates of $650 and $600 for partners specializing in intellectual property litigation); Diplomatic Man, 2009 WL 935674, at **5-6 (approving partners' hourly rate of $650); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2484 (PKC), 2007 WL 1989292, at *2, 4 (S.D.N.Y. July 6, 2007) (approving hourly rates greater than $500 for experienced copyright litigators).

**Statement of Fees**

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 9/17/18 | • Review case file in preparation for filing; conduct due diligence re: copyright registration | 2.5 | $937.50 |
|  | • Draft and file complaint | 1.5 | $562.50 |
| 9/24/18 | • Process service of summons and complaint | 0.5 | $187.50 |
| 1/24/19 | • Request Clerk's Entry of Default; | 0.5 | $187.50 |
| 4/19/19 | • Draft and research application for default judgment, including attorney declaration | 2.5 | $937.50 |
| 4/22/19 | Continue drafting motion for default judgment | 1.5 | $562.50 |
| Total |  | 9.0 | **$3375.00** |

**COSTS**

| Date | Description | Total |
|---|---|---|
| 9/17/18 | Court filing fee | $400.00 |
| 9/25/18 | Personal service fee | $84.40 |
| **TOTAL** | - | **$484.40** |

20. No part of the Judgment sought has been paid.

21. Attached hereto as Exhibit B is a true and correct copy of the initiating complaint plus exhibits.

22. Attached hereto as Exhibit C is a copy of the affidavit of service of the summons and complaint.

23. Attached hereto as Exhibit D is the Certificate of Default from the Clerk of Court.

24. Attached hereto as Exhibit E is a Proposed Default Judgment.

Dated: April 22, 2019
Valley Stream, New York

Respectfully Submitted:

/richardliebowitz/
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC

6

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Jesse Ward*