# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-01734-NJR-MAB |
| v. | ) | |
| | ) | **MOTION TO SET ASIDE** |
| CONSEQUENCE HOLDINGS, INC., | ) | **ENTRY OF DEFAULT** |
| | ) | **PURSUANT TO FED. R. CIV. P.** |
| Defendant. | ) | **55(c)** |
| | ) | |

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Pursuant to that Rule, Defendant Consequence Holdings, LLC ("Defendant")[1] moves the Court to set aside the *ex parte* default entered against it. Doc. 13. "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). In the attached memorandum of law, Defendant shows that each element readily applies. This motion is further supported by the supporting declarations of Alex Young and Dan Booth, the exhibits thereto, and the filings of record in this action.

Respectfully,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant*
*Consequence Holdings, LLC*

---

[1] Defendant is erroneously identified as "Consequence Holdings, Inc." in the complaint.

2

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1(b), I hereby certify that on this August 2, 2019, I filed

the foregoing motion along with the accompanying memorandum of law, the supporting

declarations of Alex Young and Dan Booth, and the exhibits thereto, electronically via

the Court's ECF system, and thereby caused true and correct copies of said documents to

be served on each other party registered through ECF.


/ s /  Dan Booth

2