# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-01734-NJR-MAB |
| v. | ) | |
| | ) | **DECLARATION OF ALEX** |
| CONSEQUENCE HOLDINGS, INC., | ) | **YOUNG IN SUPPORT OF** |
| | ) | **MOTION TO SET ASIDE** |
| Defendant. | ) | **ENTRY OF DEFAULT** |
| | ) | |

I, Alex Young, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the founder and publisher of Consequence Holdings, LLC, the defendant ("Defendant") in this lawsuit.

2. I submit this declaration in support of Defendant's Motion to Set Aside Entry of Default. I have personal knowledge of the facts set forth below, and would testify to those facts if required to do so in this action.

3. According to Defendant's registered agent National Registered Agents, Inc. ("NRA"), process was served upon NRA on September 25, 2018. NRA forwarded the summons and complaint to Defendant via UPS on October 10, 2018. A true and correct copy of a Service of Process Transmittal that NRA provided to Defendant is attached as Exhibit 1 hereto.

4. Defendant received the summons and complaint on Friday, October 12, 2018. Neither the plaintiff Jesse Ward nor his counsel Richard Liebowitz ("Liebowitz") had contacted Defendant about the claims in suit at any time before that date.

5. I sent an email to Liebowitz on October 18, 2018, initiating a series of email communications over that day and the next. A true and correct copy of those communications is attached as Exhibit 2 hereto. In the first email I explained that

1

"I only received [the summons] in the mail late last week." I further offered to make full amends for the unlicensed use of Mr. Ward's photograph:

> I would propose an amicable solution in which we compensate Mr. Ward for his normal rate for a published photograph. … In the interim, I would also ask that you provide an extension on the 21-day summons deadline. As I mentioned previously, we only received your letter last week, and not September 25th – as noted on the initial date of delivery.

Liebowitz responded that day, "I am authorized to make an offer of $25,000 [to settle the claims]." I replied that afternoon, again requesting an extension during settlement negotiations, inquiring as to Ward's standard rates and the basis for the $25,000 proposal, and noting, "To date, the article on which Mr. Ward's photograph was featured generated 3,861 page views (per Google Analytics). At a $10.00 CPM, we generated a little less than $40 in revenue from the article." Liebowitz responded that evening, "Thank you. We will agree to the extension, how long do you need?" The next day, Friday, October 19, 2018, Liebowitz and I proposed to continue our discussions the following week.

6. On October 25, 2018, I sent a letter to Liebowitz outlining Defendants' position regarding the lawsuit. A true and correct copy of that letter is attached as Exhibit 3 hereto. In that letter I stated, "It is our contention that there is no basis for this lawsuit. The lawsuit was filed in the Southern District of Illinois (St Louis, MO), which does not have jurisdiction over Consequence Holdings (Cook County, IL)." I also stated, "Consequence Holdings disputes the claim that we intentionally and maliciously posted the photograph and removed its attribution. Upon receiving your initial notice, we promptly removed the photograph and sought to compensate the photographer at his normal licensing fee." I added,

2

Consequence Holdings respectfully requests the following:

- Confirm you have a basis to sue us in the Southern District of Illinois (St Louis, MO), the venue the complaint was filed in, which, from our research, does not have jurisdiction over Consequence Holdings (Cook County, IL)
- Provide an explanation for how you arrived with the proposed settlement amount of $25,000
- Include the photographer's normal licensing fee

Please understand this is an attempt to resolve this complaint that achieves a fair and equitable representation for both parties.

7. I sent the October 29, 2018 letter to Liebowitz via certified mail. A true and correct copy of a delivery confirmation notification Defendant received is attached as Exhibit 4 hereto. The notification shows that Stefanie Iatrou signed for the letter. According to her LinkedIn profile, Ms. Iatrou is a legal assistant at Liebowitz's firm.

8. Liebowitz did not reply to the letter or engage in further communications with Defendant.

9. The documents of record in this action do not reflect that Liebowitz has ever informed the Court that he had agreed to grant Defendant an extension of unspecified duration to respond to the complaint, or that he had not responded to Defendant's October 25, 2018 letter seeking information pertinent to settlement.

10. Neither Mr. Ward nor Liebowitz mailed notice of the entry of default to Defendant.

11. Defendant first learned of the default when it received Mr. Ward's motion for default judgment via mail, on or about July 17, 2019.

12. Defendant retained counsel on August 1, 2019.

3

13. Defendant's principal office is in Chicago. Defendant does not reside, transact business, or have a place of business in the Southern District of Illinois.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2019.

_____
Alex Young
Consequence Holdings, LLC