IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CONSEQUENCE HOLDINGS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil No. 3:18-cv-01734-NJR-MAB <br><br> **DECLARATION OF DAN BOOTH IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** |

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for Consequence Holdings, LLC, the defendant ("Defendant") in this lawsuit.

2. I submit this declaration in support of Defendant's Motion to Set Aside Entry of Default. I have personal knowledge of the facts set forth below, and would testify to those facts if required to do so in this action.

3. Months before I was engaged as counsel for Defendant in this lawsuit, I served as counsel for the defendant in *Craig v. PopMatters Media, Inc.*, No. 18-cv-1713, a copyright infringement action filed in this Court on September 11, 2018. As in this lawsuit, the plaintiff in that action was a New York photographer represented by attorney Richard Liebowitz ("Liebowitz") and the defendant was based in Chicago.

4. In an email about the *Craig* case on October 4, 2018, I explained to Liebowitz that jurisdiction was unfounded and venue was improper, and that the defendant would move to dismiss under Rules 12(b)(2) and (3) unless he withdrew the claim. My email message to Liebowitz stated in part:

Can you give me a good reason why you expect my client to defend a claim in the federal courthouse in East St. Louis? That is about 300 miles from the address you have identified, in the complaint, as PopMatters's place of business. The Dirksen Federal Building in Chicago, by contrast, is about six miles from the PopMatters address. They are not located in the Southern District by any definition and both personal jurisdiction and venue are improper. Courts in the Seventh Circuit analyze venue by treating each district as if it were its own state. A defendant must reside, or be found, in a district with which it has sufficient contacts to be rendered amenable to personal jurisdiction. Incorporation in the state, but outside the district, is insufficient. Furthermore, the copyright venue statute, 28 U.S.C. § 1400(a), governs all copyright claims, not Section 1391's general venue provision. And under Section 1400, the focus is whether the defendant resides (or may be found) in a "particular judicial district," not somewhere else in the state. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445-46 (7th CIr. 1993). PopMatters resides in Chicago, maintains its sole place of business in Chicago, and transacts no business in the Southern District. The result should be obvious.

Liebowitz replied to me by email about half an hour later readily agreeing to transfer the case. He stated in part, "We are happy to transfer venue if your client wishes and will litigate in the Northern District. Please let me know and I can put together a short letter." A true and correct copy of those emails is attached as Exhibit 1 hereto.

5. I sent another email to Liebowitz on October 4, 2018, explaining that jurisdiction was unfounded and venue was improper in his other then-pending actions against Chicago-based defendants, including this action against Defendant. A true and correct copy of that email is attached as Exhibit 2 hereto. I stated in part,

> While you're at it, I note that you filed three other cases in the Southern District of Illinois against Chicago businesses last month: Stridiron v. The India Tribune of Chicago, inc. (18-cv-1732), Yang v. BlackDoctor, inc. (18-cv-1733), and Ward v. Consequence Holdings, LLC (18-cv-1734). You can't have had a good faith basis for filing those cases downstate or continuing to pursue them there. Please inform when those cases are in the Northern District as well. Thank you.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on August 2, 2019.

                                                                                                  Dan Booth
                                                                                                  Dan Booth Law LLC