## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-01734-NJR-MAB |
| v. | ) | |
| | ) | **RESPONSE IN OPPOSITION TO** |
| CONSEQUENCE HOLDINGS, INC., | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **DEFAULT JUDGMENT** |
| Defendant. | ) | |
| | ) | |

Defendant Consequence Holdings, LLC ("Defendant") opposes Plaintiff Jesse Ward's ("Ward") motion for default judgment (Doc. 17), on the same grounds raised in Defendant's motion to set aside entry of default (Doc. 25) and memorandum in support thereof (Doc. 26), which are both incorporated into this response as if fully stated herein.

This response is timely. Though Ward's motion was filed on April 22, 2019, it was not mailed to Defendant until on or about July 10, 2019, after two orders of the Court to comply with Local Rule 55.1(b). See Doc. 17, 19, 20, 21. Defendant received the motion on or about July 17, 2019. Doc. 26-1 ¶ 11. By the operation of Local Rule 55(g), and Fed. R. Civ. P. 6(d) and 6(a)(1)(C), Defendant's response would not be due until August 5, 2019. And Ward's notice of motion for default judgment, which provides that "Defendant's opposition papers, if any, must be served within 30 days after personal service of this motion," extended the deadline to August 16, 2019. Doc. 17.

A default judgment would be void because the Court does not have personal jurisdiction over Defendant, as its memorandum explains. Doc. 26 pp. 9-11. See *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 850 (7th Cir. 1981). A default judgment would violate Defendant's due process rights because Ward did not serve the motion for entry of default or give notice of the entry of default, as required by Local Rule 55.1(a) and by the

Court order mandating compliance with that Rule. Doc. 26 pp. 5-6; see Doc. 9 ("Plaintiff should be sure to follow the requirements of Local Rule 55.1 when filing his motion for entry of default."). A default judgment would be also be inequitable, both because Ward pursued it after being advised that the Court lacks personal jurisdiction over Defendant and is an improper venue, and because his counsel misled Defendant with an open-ended extension of time to respond to the complaint pending settlement negotiations, then ceased discussions and sought default without notice. Doc. 26 pp. 3-6 & 13-14.

Accordingly, for the reasons given in support of Defendant's pending motion, the entry of default should be set aside and Ward's motion for default judgment should be denied as moot. Defendant shows good cause for the default, acted swiftly to vacate it after belated notice of its entry, and raises meritorious defenses. See *id.* pp. 5-11 & 16-19.

In addition, Defendant disputes effectively all of the forms of damages and other relief Ward seeks via default judgment. Ward's motion is fatally flawed and should be denied in full, for reasons outlined above and substantiated in Defendant's memorandum. However, if the Court should entertain his motion, Defendant requests a hearing to determine the amount of damages, fees, and costs, if any, that may be assessed pursuant to Fed. R. Civ. P. 55(b)(2). See Doc. 26 pp. 17-19.

Ward's photograph appeared with an article on the *Consequence of Sound* website and viewed 3,861 times before Defendant took the photograph down, generating less than $40 in gross revenue. Doc. 26-3 p. 2. Any share of that $40 attributable to the photograph cannot sustain his speculative "estimate" that he could have charged Defendant $1500 to license the use. Doc. 18 ¶ 12. Yet he requests either $3,000 or $5,000 in relief on his copyright infringement claim. *Id.* ¶¶ 9 & 14. His motion fails to justify either figure.

"While it is true that a plaintiff can recover a defendant's profits from the use of the photograph, Plaintiff does not provide any information from which the Court could reliably ascertain such profits, if any." *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 U.S. Dist. LEXIS 132066, *11-12 (S.D.N.Y. Aug. 3, 2018) (assessing actual damages based on comparable license, not plaintiff's unsupported "estimates").

On his 17 U.S.C. § 1202(b) claim, Ward fails to show any liability based on the omitted credit, or any actual damages caused or profits obtained by the omission. See Doc. 26 pp. 14-17. If any statutory damages award is allowed, he provides no argument that it should be any greater than the statutory minimum. See Doc. 18 ¶¶ 15-16; see also *Romanowicz*, at *14-15 ("Plaintiff's submissions supporting his request for statutory damages are bare-boned at best") (awarding statutory minimum under Section 1202(b)).

He also offers the Court no basis to grant any discretionary relief under that claim. *Id.* ¶ 17; see 17 U.S.C. § 1203(b)(4)-(5) (permitting the Court "in its discretion" to "allow the recovery of costs" and "award reasonable attorney's fees").[1] The haphazard manner in which Ward has litigated this case—knowingly maintaining it in a Court without jurisdiction, silently withdrawing his offer of an extension of time to plead or defend while withholding notice of the *ex parte* default, and barely skirting four Court notices of impending dismissal—does not warrant an award of his counsel's fees and costs.

The hours claimed, though few, are evidently inflated. Ward's counsel runs a

---

[1] Ward also claims attorney's fees upon his copyright claim under 17 U.S.C. § 505, see Doc. 18 ¶ 11, but such relief is unavailable to him. The photograph was published in the *Daily News* in 2015 and on Defendant's website in 2016, well before his December 19, 2017 copyright registration. Doc. 1 ¶¶ 8 & 11; Doc. 1-3. Under 17 U.S.C. § 412(2), no award of attorney's fees may be made upon such use.

copyright infringement litigation mill, see Doc. 18 ¶ 18, churning out more than a thousand cookie-cutter complaints and untold scores of default judgment motions since 2016; economies of scale make it implausible that his services to Ward took nearly the time claimed. "A review of the filings make it clear that minimal work and brain power went into this matter. Additionally, counsel was incredibly sloppy." *Romanowicz*, at *17-20 (limiting fees awarded in copyright/Section 1202 case brought by same plaintiff's counsel to 1.5 hours apiece for preparing complaint and motion for default judgment). A fees request for the same counsel met the same limits in *Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476 (VSB) (JLC), 2019 U.S. Dist. LEXIS 15560 (S.D.N.Y. Jan. 31, 2019):

> Liebowitz has submitted time records with sufficient details including dates, description of the services rendered, and hours expended. Liebowitz Supp. Decl. ¶ 8. However, the number of hours spent on certain tasks such as preparing the complaint and the motion for default judgment is unreasonable. The complaint is less than four pages long and the motion for default judgment contains no legal analysis (for example, counsel provides the legal standard for determining statutory damages but fails to apply the legal standard to the facts of the case). Both documents also closely resemble documents Liebowitz has submitted in many other copyright infringement cases. Thus, I find that the total number of hours billed for the tasks completed in preparing the complaint (2.5 hours) and the motion for default judgment (5.5 hours) should be reduced to 1.5 hours each.

*Id.* at *14-15. If any award is allowed, it must be "reasonable," not a windfall reflecting padded timesheets. Further, Ward does not claim, much less show, that his New York counsel's $375 per hour rate claim is reasonable for copyright litigation in this District. See Doc. 18 ¶ 19 (string cite of awards in the Southern District of New York). An attorney four years out of law school may warrant $200-$300 per hour, and if Ward's counsel's work is of sufficient quality to be compensated, it should be at those rates.

Dated: August 3, 2019

                                        Respectfully submitted,

                                        / s /  Dan Booth
                                        Dan Booth
                                        Dan Booth Law LLC
                                        60 Thoreau Street #121
                                        Concord, MA 01742
                                        dan@danboothlaw.com

                                        *Counsel for Defendant*
                                        *Consequence Holdings, LLC*


                       **CERTIFICATE OF SERVICE**

I hereby certify that on this August 3, 2019, I filed the foregoing response in

opposition to plaintiff's motion for default judgment electronically via the Court's ECF

system, and thereby caused a true and correct copy of said document to be served on each

other party registered through ECF.

                                        / s /  Dan Booth