IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSE WARD,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CONSEQUENCE HOLDINGS, LLC,**<br><br>    **Defendant.** | Case No. 18-CV-1734-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jesse Ward filed this copyright infringement action against Defendant Consequence Holdings, LLC, on September 17, 2018, pursuant to 17 U.S.C. § 101, *et seq.* (Doc. 1). The Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Consequence Holdings was served with a summons on September 27, 2018, and its response to the complaint was due on or before October 16, 2018 (Doc. 8). On January 24, 2019, Consequence Holdings had yet to respond to the complaint, and Ward moved for a Clerk's entry of default under Federal Rule of Civil Procedure 55(a) (Doc. 11). The Clerk entered default the next day, and on April 22, 2019, Ward moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b) (Doc. 17). On May 8, 2019, the Court ordered Ward to certify that a copy of the motion for default judgment was sent to the last known address for Consequence Holdings, in accordance with Local Rule

55.1(a) (Doc. 19). Ward complied, verifying that he sent a copy of the motion to Consequence Holdings via United States mail on July 10, 2019 (Doc. 21). A few weeks later, on August 2, 2019, Consequence Holdings moved to set aside the Clerk's entry of default (Doc. 25).

According to the motion to set aside, the founder and publisher of Consequence Holdings, Alex Young, received the summons in October 2018 due to an incorrect address on file with the registered agent for Consequence Holdings (Doc. 26, Exs. 1 & 2). Young reached out to Ward's attorney a few days later and began negotiating a settlement (Doc. 26, Exs. 1 & 3). The parties agreed to continue settlement negotiations throughout the following week and to extend the deadline for Consequence Holdings to respond to the complaint (*Id.*). The Court notes the parties did not file a motion for extension of time, or otherwise inform the Court they were involved in settlement negotiations. Communication between the parties broke down around November 2018, after Ward stopped responding to correspondence (Doc. 26, Ex. 1). Consequence Holdings became aware of the Clerk's entry of default and motion for default judgment around July 17, 2019 (*Id.*), and moved to set aside the entry of default on August 2, 2019 (Doc. 25).

## Discussion

"The Court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). To vacate an entry of default, the moving party must show (1) good cause for the default, (2) quick action to correct it, and a (3) meritorious defense to plaintiff's complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994). Courts apply a less stringent standard to motions to set aside an entry of default compared to motions to set aside a

default judgment. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (recognizing "the lenient standards that [the Seventh Circuit] ha[s] established for the application of Rule 55(c)").

Here, a review of the docket sheet reveals Ward failed to comply with Local Rule 55.1(a) when moving for a Clerk's entry of default. Specifically, Ward did not "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party" or "certify to the Court that notice has been sent." *See Reeves v. Harrington*, Case No. 13-cv-01171-JPG-PMF, 2014 WL 5028206, at *2 (S.D. Ill. Oct. 8, 2014) (denying a motion for default judgment for failure to comply with Local Rule 55.1(a)). And, once Consequence Holdings finally received notice of the entry of default, it acted quickly by moving to set-aside the entry of default approximately sixteen days later. *See Yan Fang Jiang v. Hannon Group, Ltd.*, No. 14-CV-309-JPS, 2015 WL 541678, at *4 (E.D. Wis. Feb. 10, 2015) (finding "quick action" when the defaulted party moved to set aside the entry of default within sixteen days after its entry).

Also, without commenting on the merits, it appears Consequence Holdings has raised a meritorious defense to the complaint by disputing the Court's personal jurisdiction over the Chicago-based company. A showing of a "meritorious defense" requires "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Consequence Holdings has alleged that it does not reside, transact business, or have a place of business in the Southern District of Illinois, for purposes of personal jurisdiction or venue. Moreover, the alleged wrong took place in New York, and Ward has not alleged

any connection with the Southern District of Illinois.

Accordingly, for good cause shown, the Clerk's entry of default (Doc. 13) is **SET ASIDE**, and the motion for default judgment (Doc. 17) is **DENIED**. Defendant **SHALL** respond to the Complaint within 21 days. The parties are **ADVISED** that they must move the Court for an extension of time of any deadlines set by the Court.

**IT IS SO ORDERED.**

DATED: August 19, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**