IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE WARD, | ) | Civil No. 3:18-cv-01734-NJR-MAB |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF DAN** |
| v. | ) | **BOOTH IN SUPPORT OF** |
| | ) | **DEFENDANT CONSEQUENCE** |
| CONSEQUENCE HOLDINGS, INC., | ) | **HOLDINGS, LLC'S MOTION** |
| | ) | **TO DISMISS AND MOTION** |
| Defendant. | ) | **FOR ATTORNEY'S FEES** |
| | ) | |

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at law licensed to practice before the courts of the Commonwealth of Massachusetts, among others, and admitted *pro hac vice* in this action. I am counsel for Consequence Holdings, LLC ("Consequence"), the defendant in this lawsuit.

2. I submit this declaration in support of Consequence's Motion to Dismiss and Motion for Attorney's Fees. I have personal knowledge of the facts set forth below, and would testify to those facts if required to do so in this action.

3. On August 19, 2019, after the Court order setting aside the default in this action, I exchanged emails with Richard Liebowitz ("Liebowitz"), counsel for the plaintiff Jesse Ward. A true and correct copy of those emails is attached as Exhibit A hereto. In my initial email that morning, I stated:

> This morning the Southern District of Illinois set aside the default you obtained against my client Consequence Holdings, LLC. As the motion to set aside explained, your allegations of personal jurisdiction and venue there are frankly frivolous. Consequence is a Chicago-based company and the plaintiff is based in New York. The case has no nexus to the Southern District, like all of your cases in that Court. All litigation there has been improper and unnecessary.

> The Court expects prompt action. I expect you to immediately file — today — a notice of dismissal under to Rule 41, or a motion to transfer to the Northern District. Otherwise I will be forced to prepare a motion to dismiss.

4. In an email that same morning, Liebowitz responded:

> Will you agree to stipulation to voluntarily transfer to the Northern District of IL? If so, I will prepare the stipulation. Thank you.

5. That afternoon, on August 19, 2019, I replied to Liebowitz by email, stating:

> We will stipulate to a transfer if you stipulate to pay Consequence's costs and fees incurred to date, dismiss the Section 1202 claim, and permit Consequence three weeks to answer the complaint after transfer.
>
> As explained in Consequence's motion to set aside, you knew that it was frivolous to pursue default and default judgment in the Southern District. You forced my client to incur unnecessary expenses. If you proceed in the Northern District, we expect to recover those expenses under Rule 41(d). As also explained in the motion, the Section 1202 claim is without basis. If you proceed on that claim, we expect to prevail and recover all related costs and fees under Section 1203(b)(4) and (5). And as also explained in the motion and Consequence's response to your motion for default judgment, Consequence's total profits from the article were less than $40 before the photograph was removed and you have not substantiated any actual damages from the reuse of a year-old news photo.
>
> I am authorized to make the attached offer of judgment, for more than 11 times the maximum profits that you could hope to prove if you litigate to judgment. Please confer with your client and let me know promptly if he accepts.

6. I served a Rule 68 offer of judgment attached to that email. Liebowitz did not respond to the email or the offer.

7. A true and correct copy of an invoice reflecting the hours I have expended on behalf of Consequence in this action from the date I was engaged by Consequence, August 1, 2019, through today, September 9, 2019, is attached as Exhibit B hereto.

8. My current standard billing rate for litigation matters is $425 per hour. That is the agreed-upon rate that I charge Consequence for my services. The invoice reflects

legal services I have performed pertaining to conferring with Consequence and with Liebowitz, investigating the factual and legal claims raised in this action and the course of the proceedings prior to August 1, 2019, drafting and filing an opposition to the motion for default judgment, and drafting and filing motions to set aside the default judgment, to dismiss, and for attorney's fees. To date, I have expended 49.5 hours on this matter, as reflected on the invoice.

9. I previously appeared in this Court *pro hac vice* on behalf of Anthony Smith in *Lightspeed Media Corp. v. Smith*, No. 3:12-cv-889-GPM. Mr. Smith moved for sanctions against the plaintiff's counsel in that action under 28 U.S.C. § 1927, seeking his full attorney's fees, including time I expended on the case at $409 per hour, my standard billing rate at the time. At the November 13, 2013 motion hearing in that case the presiding District Judge, the Honorable G. Patrick Murphy, commented, "That's what you call bargain rates around here." *Id.*, ECF No. 101 at 17:12-13. In addition, District Judge Murphy said, "Now, the application that's before the Court for representing one of the defendants is, in total, a little over $75,000. They're requesting $400 an hour for the fees. I don't need to hear too much argument on that. That's actually a fairly modest request around this place. We used to see fees for removal petitions that would run twice that." *Id.* at 4:17-22. The Court awarded Mr. Smith his full attorney's fees and costs at the rate requested. *Id.*, 2013 U.S. Dist. LEXIS 168615, *18-19 (S.D. Ill. Nov. 27, 2013). The sanctions award was affirmed in full on appeal. *Id.*, 761 F.3d 699 (7th Cir. 2014). My current billing rate of $425 per hour represents only a modest increase from the $409 per hour rate awarded for my services in that case.

10. The invoice attached as Exhibit B hereto also reflects the $234.96 in costs that Consequence has expended in its defense of this action. That includes the $200 cost of *pro hac vice* admission paid to the Court; $20 in monthly charges for computerized legal research, an out-of-pocket expense customarily charged to my clients at $10 per month as a separate disbursement; the cost paid to PACER for access to documents on the docket of this action and in other pertinent cases; and the $7.76 cost of sending Liebowitz a letter via first class certified mail, with return receipt confirmation, on October 25, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2019.

Dan Booth
Dan Booth Law LLC