IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, ) | Civil No. 3:18-cv-01734-NJR-MAB |
| ) | |
| Plaintiff, ) | DEFENDANT CONSEQUENCE |
| v. ) | HOLDINGS, LLC'S MOTION |
| ) | FOR LEAVE TO FILE A |
| CONSEQUENCE HOLDINGS, INC., ) | SUPPLEMENTAL BRIEF |
| ) | PURSUANT TO SDIL-LR 7.1(g) |
| Defendant. ) | IN SUPPORT OF ITS MOTION |
| ) | FOR ATTORNEY'S FEES |

Yesterday, September 9, 2019, Defendant Consequence Holdings, LLC [1] ("Consequence") moved to dismiss and moved for sanctions. Doc. 30. Plaintiff Jesse Ward ("Ward") belatedly noticed dismissal overnight. Doc. 31. Pursuant to SDIL-LR 7.1(g), Consequence requests leave to file the letter brief attached as an exhibit hereto, providing supplemental authority consistent with Fed. R. App. P. 28(j) to show that the notice of dismissal does not affect the Court's jurisdiction over the pending sanctions motion. If anything, the timing of the notice makes sanctions even more appropriate.

As Consequence has explained, Ward's counsel Richard Liebowitz ("Liebowitz") maintained this action for almost a full year despite knowing that it was in the wrong Court. He likely knew it on September 16, 2018, when he filed the complaint; though several of his similar cases had been transferred for improper venue by then, he preferred a forum that does not require engaging local counsel. Doc. 30 pp. 17-18. He surely knew the forum was improper by October 4, 2018, when he agreed to transfer his parallel *Craig* action for the same reasons; and by October 29, 2018, when he received Consequence's letter reiterating that the Court lacks jurisdiction. *Id.* pp. 2-3. If he had noticed dismissal then, Consequence would have avoided all costs and fees in this Court.

---

[1] The complaint erroneously identifies Consequence as "Consequence Holdings, Inc."

Instead Liebowitz cut off discussions with Consequence; obtained entry of default, giving Consequence no notice; and moved for default judgment. *Id.*; Doc. 11, 17. He forced Consequence, facing default judgment, to move to set aside and respond. Doc. 25, 27. He filed no opposition and the Court set the default aside on August 19, 2019. Doc. 29. Yet he persisted in tacking on to the defense costs. That day, undersigned counsel again explained that litigating in this Court was frivolous and urged Liebowitz: "I expect you to immediately file — today — a notice of dismissal under to Rule 41, or a motion to transfer to the Northern District. Otherwise I will be forced to prepare a motion to dismiss." Doc. 30 p. 5. Liebowitz asked Consequence to stipulate to a transfer but he did not respond to its request that he also stipulate to pay the costs he had already imposed. *Id.*

He did not file a notice of dismissal then either, though it would have spared Consequence the further costs and fees of its motion to dismiss. That motion, like the unopposed motion to set aside before it, thoroughly rebutted the jurisdictional and venue allegations. Doc. 30 pp. 7-12; see Doc. 26 pp. 9-11 & 14. Though evidently Liebowitz never planned to argue that this Court is a proper forum, he waited to notice dismissal until about eight hours after the motion to dismiss was filed. Doc. 31. Accordingly, and for the reasons stated in Consequence's motion for sanctions, he should bear all of its defense costs and fees.

Consequence believes that the belated notice of dismissal constitutes a change in the facts that necessitates a short supplemental brief under SDIL-LR 7.1(g). Consequence believes that the attached letter brief will assist the Court in its analysis of the issues raised by the notice of dismissal, and in reaching its determination on the pending motion for sanctions.

Respectfully,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant*
*Consequence Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this September 10, 2019, I filed the foregoing motion for leave to file a supplemental brief electronically via the Court's ECF system, with the proposed supplemental brief as an attachment, and thereby caused a true and correct copy of said documents to be served on each other party registered through ECF.

/ s /  Dan Booth