Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742

September 10, 2019

Margaret M. Robertie
Clerk of Court
United States District Court
Southern District of Illinois
East St. Louis, Illinois

Re:   *Ward v. Consequence Holdings, LLC*, No. 3:18-cv-01734-NJR-MAB

Dear Ms. Robertie,

Defendant submits this letter brief pursuant to SDIL-LR 7.1(g), in accordance with Fed. R. App. P. 28(j), to set forth supplemental authority showing that Plaintiff's notice of dismissal, Doc. 31, does not affect the Court's jurisdiction over the pending motion for sanctions, Doc. 30.

Defendant moved for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. *Id.* pp. 5-6. The Court retains jurisdiction to sanction on either ground despite a dismissal. See *De Manez v. Bridgestone Firestone N. Am. Tire, Inc.*, 533 F.3d 578 (7th Cir. 2008) (affirming Section 1927 sanctions after dismissal without prejudice), *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 503 (7th Cir. 2016) (same, when plaintiff filed notice of voluntary dismissal after defendants moved to dismiss); see also *FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335 (7th Cir. 2010) (affirming Section 1927 fees awarded after involuntary dismissal). Section 1927 does not specify a time limit, and the 14-day limit for claiming fees under Rule 41 does not apply to Section 1927 claims. Fed. R. Civ. P. 41(d)(2)(E). Likewise, "sanctions may be imposed years after a judgment on the merits" under the Court's inherent authority. *Fuery v. City of Chicago*, 900 F.3d 450, 468 (7th Cir. 2018) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991)); see also *Magnus Elecs., Inc. v. Masco Corp.*, 871 F.2d 626, 632 (7th Cir. 1989) (district court had inherent authority to sanction attorney after settlement of underlying lawsuit).

Respectfully submitted,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC

*Counsel for Defendant*
*Consequence Holdings, LLC*