IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:18-cv-01734-NJR-MAB |
| v. ) | |
| ) | **DEFENDANT CONSEQUENCE** |
| CONSEQUENCE HOLDINGS, INC., ) | **HOLDINGS, LLC'S MOTION FOR** |
| ) | **ATTORNEY'S FEES PURSUANT TO** |
| Defendant. ) | **SDIL-LR 7.1(g) AND 17 U.S.C. §§ 505** |
| ) | **AND 1203(b)(4)-(5)** |

This abusive copyright lawsuit was filed only for nuisance value and pursued in bad faith. Plaintiff Jesse Ward's ("Ward") attorney Richard Liebowitz ("Liebowitz") knew that Defendant Consequence Holdings, LLC ("Consequence") is not subject to personal jurisdiction in this judicial district, so venue was improper. Yet he forced Consequence to litigate the case out of default, and waited for it to move to dismiss and for sanctions before voluntarily dismissing.

The still-pending sanctions motion set out ample grounds to award costs and fees, under 17 U.S.C. § 1927 or the Court's inherent authority. Doc. 30. Two more grounds have arisen since.

First, any response to the motion was due within 17 days. SDIL-LR 7.1(g) & 5.1(c). Liebowitz has let 17 weeks pass. In the Court's discretion, his failure to timely respond should "be considered an admission to the merits of the motion." SDIL-LR 7.1(g).

Second, on September 10, 2019, the day he noticed dismissal in this Court, Liebowitz renewed Ward's copyright claim in the Northern District of Illinois; but he never served process, and voluntary dismissed the second action too, on January 8, 2020. Under the two-dismissal rule, Fed. R. Civ. P. 41(a)(1)(B), that second notice of dismissal operates with prejudice and makes Consequence the "prevailing party" entitled to claim its attorney's fees under 17 U.S.C. § 505.

Whether by sanctions against Liebowitz or by allowing recovery against Ward under the Copyright Act, the Court is well within its discretion to award Consequence its costs and fees.

1

**Procedural History**

Liebowitz brought this action on behalf of Ward on September 18, 2018. Doc. 1. He never "alleged any connection with the Southern District of Illinois." Doc. 29 pp. 3-4. It is one of seven copyright infringement cases Liebowitz raised in this Court, against entities based not in this judicial district but in the Northern District of Illinois, before he obtained an e-filing account for that court in August 2019. See Doc. 26 p. 13. He was informed that personal jurisdiction was improper in these cases as early as October 4, 2018. *Id.* pp. 13-14. Liebowitz never disputed it.

Liebowitz agreed to an indefinite extension of time for Consequence to respond to the complaint during settlement discussions. *Id.* p. 7; Doc. 26-3 p. 2. On October 25, 2018, Consequence told him "there is no basis for this lawsuit," citing personal jurisdiction grounds. Doc. 26 pp. 3-4; Doc. 26-1 ¶¶ 6-7, Doc. 26-4. Liebowitz did not respond. Doc. 26-1 ¶ 8.

Instead he obtained the clerk's entry of default and proceeded toward a default judgment. Despite the Court's instruction to comply with Local Rule 55.1, Liebowitz never sent Consequence notice of the January 25, 2019 entry of default. Doc. 9, 13, 26-1 ¶ 10. He filed a motion for default judgment on April 22, 2019. Doc. 17. He certified service on July 11, 2019, only after two Court orders to affirm mailing the motion to Consequence. Doc. 19, 20, 21.

Consequence moved to set aside the entry of default on August 2, 2019. Doc. 26. Liebowitz did not file a response. Consequence filed an opposition to the motion for default judgment the next day. Doc. 27. He did not reply. On August 19, 2019, finding good cause shown, the Court set aside the default and denied the motion for default judgment. Doc. 29 p. 4. That day, Consequence demanded that Liebowitz file a notice of dismissal, and served a Rule 68 offer of judgment. Doc. 30 pp. 4-5, Doc. 30-1 ¶¶ 3-6, Doc. 30-2. He did not respond to the offer.

On September 9, 2019, Consequence moved to dismiss this action based on lack of

2

personal jurisdiction and improper venue, and moved for sanctions against Liebowitz under 28 U.S.C. § 1927 and the Court's inherent authority. Doc. 30. The next day, September 10, 2019, he filed a notice of dismissal, and renewed the claim in the proper forum against Consequence and Alex Young, its founder and publisher. Doc. 31; Declaration of Dan Booth ("Booth Decl.") ¶ 3 and Exhibit A (Complaint, *Ward v. Consequence Holdings, Inc. and Alexander Young*, No. 19-cv-6050 (N.D. Ill. filed Sept. 10, 2019) (the "second action")) attached hereto; see Doc. 26-1. Also that same day, Consequence moved this Court for leave to file a letter brief showing that the dismissal did not affect the Court's jurisdiction over the pending sanctions motion. Doc. 32, 32-1. The Court noted the dismissal and closed this case on September 11, 2019. Doc. 33, 34.

Consequence conferred with Liebowitz by phone on November 15, 2019, reminding him that the sanctions motion remains pending. Booth Decl. ¶ 4. He has not filed a response.

In the second action, Liebowitz never effected service of process. *Id*. ¶ 5. An initial status hearing was set for January 9, 2020. *Id*. ¶ 6. He filed a notice dismissing the second action a day before the hearing. *Id*. ¶ 7 & Exhibit B.

### Legal Standards

"Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). That rule applies to a defendant's motions for sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927, even after dismissal of an action. See *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 706 (7th Cir. 2014) (plaintiff's counsel "had an opportunity to respond; he simply chose not to exercise it").

"A plaintiff may dismiss a federal suit without prejudice to refiling. That privilege may be used only once. '[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" *Dvorak v. Granite Creel GP Flexcap I, LLC*, 908 F.3d 248, 249 (7th Cir. 2018) (quoting Fed. R.

3

Civ. P. 41(a)(1)(B)). "The purpose of the 'two dismissal' rule, pointed out in numerous decisions, is to prevent unreasonable abuse and harassment by plaintiff securing numerous dismissals without prejudice." *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.3d 637, 640 (7th Cir. 1987) (internal quotations and citations omitted). "The risk of repetitive litigation and forum-shopping is sharply limited by Rule 41(a)(1)(B)." *CFE Grp., LLC v. FirstMerit Bank, N.A.*, 809 F.3d 346, 351 n. 1 (7th Cir. 2015). Upon the second notice, dismissal is "with prejudice." *Id.*; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990).

> A plaintiff's dismissal of a claim does not automatically "confer prevailing party status upon the defendant," if the defendant remains at risk of plaintiff re-filing the claim. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). However, if a plaintiff is unable to re-file the dismissed claim in federal court, the defendant is the "prevailing party" on that claim. *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003).
>
> *Cobbler Nev., LLC v. Gonzales*, No. 3:15-cv-00866, 2016 WL 8677323, at 2 (D. Or. Dec. 2, 2016), *adopted in part*, 2017 WL 4498 (Jan. 4, 2017), *aff'd*, 901 F.3d 1142 (9th Cir. 2018).

The Copyright Act authorizes the Court to award costs and fees to the prevailing party. "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

And in a civil action claiming a violation of 17 U.S.C. § 1202(b), the Court "in its discretion may allow the recovery of costs by or against any party," and "in its discretion may award reasonable attorney's fees to the prevailing party." 17 U.S.C. §§ 1203(b)(4)-(5).

"There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). That is no less true when a dismissal with prejudice is voluntary. See *Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016); accord *FM*

*Indus. v. Citicorp Credit Servs., Inc.*, Civ. A. No. 07 C 1794, 2009 U.S. Dist. LEXIS 9263, *7-8 (N.D. Ill. Feb. 4, 2009), *aff'd*, 614 F.3d 335 (7th Cir. 2010) (reversing in part on other grounds).

> Common sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits. … The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.

*CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016). "[A] favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Id.* at 1646.

Courts analyzing fee requests under 17 U.S.C. § 505 are guided by nonexclusive factors approved by the Supreme Court: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). Section 505 "grants courts wide latitude to award attorney's fees based on the totality of the circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). In its discretion, the Court may also apply the *Fogerty* factors to a 17 U.S.C. § 1203(b)(5) fee request. See *Unicorn Sys. Inc. v. Farmers Group, Inc.*, 405 Fed. Appx. 152, 155 (9th Cir. 2010).

> The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained. If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees. But if at the other extreme the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding attorneys' fees is compelling.

*Assessment Techs. of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004).

> When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. … For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.

*Id*. at 437 (citing *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)). "A prevailing defendant in a copyright suit is presumptively entitled to an award." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 667 (7th Cir. 2011). "The party responsible for creating excessive legal costs must bear them itself in the end." *Riviera Distribs. v. Jones*, 517 F.3d 926, 929 (7th Cir. 2002); see *id.* at 928-30 (reversing and remanding for a fee award against copyright plaintiff who "came to the wrong forum" and then "threw in the towel").

## Argument

**I.     The Court should deem Liebowitz's failure to respond to the motion for sanctions an admission of its merits and grant the motion.**

Consequence requests that the Court consider Liebowitz's failure to respond to the motion for sanctions a complete admission to its merits and grant the motion in full.

Liebowitz filed suit against Consequence in bad faith, knowing that Ward's claim had no basis in this Court. Doc. 26 pp. 13-14. Despite that knowledge, over a use of Ward's photograph that garnered Consequence less than $40, he demanded a $25,000 settlement. Doc. 26-3 pp. 1-2. In further bad faith, he misled Consequence by agreeing to an indefinite extension of time for it to respond to the complaint while the parties negotiated, then ignored its communications and went behind its back to seek default judgment. Doc. 26 pp. 6-7. Again, over a use worth less than $40, he moved the Court for $18,859.90 in damages, fees, and costs. Doc. 17. He repeatedly ignored the Court's orders, complying only when it issued ultimatums: four notices impending dismissal for want of prosecution. Doc. 7, 9, 16, 19, 20; see Doc. 26 pp. 4-5. Even that compliance was stinting, as he never served notice of the entry of default, despite the Court's order to comply with SDIL-LR 55.1. Doc. 9, Doc. 26 p. 4. He forced Consequence to move to set aside an entry of default and to oppose a motion for default judgment, in a remote judicial district where such a judgment could not have been valid. Doc. 26, 27. The Court noted the

6

uncontested defense of personal jurisdiction as it set the default aside. Doc. 29 pp. 3-4. Liebowitz still took no action, even spurning a $450 offer of judgment, forcing Consequence squander far more expense moving to dismiss. Doc. 30, Doc. 30-1 ¶¶ 3-6. Only then did he file his one-sentence notice of dismissal. Doc. 31; see Doc. 32 p. 2.

Consequence's motion to dismiss also seeks sanctions against Liebowitz to redress the time and expense wasted on this frivolous, bad faith action. Doc. 30 pp. 13-20. Despite dismissal, the sanctions motion remains pending for decision as a matter collateral to the merits. *Cooter & Gell*, 496 U.S. at 396. A Section 1927 fee request raises a collateral issue, "completely separate from the merits of the case." *Knorr Brake Corp. v. Harbil*, 738 F.2d 223, 226 (7th Cir. 1984). Consequence explained immediately upon dismissal that its motion remained pending. Doc. 32, 32-1. It reiterated the point to Liebowitz directly when the parties conferred on November 15, 2019. Booth Decl. ¶ 4.

Yet he has chosen to ignore the sanctions motion, filed September 9, 2019, for more than four months. He had 14 days to respond under SDIL-LR 7.1(g), plus 3 days under SDIL-LR 5.1(c) because the motion was served electronically. That time passed on September 26, 2019. In these circumstances, the sanctions motion is proper, and its merits are properly deemed admitted. See *Pierce v. Commonfields of Cahokia Pub. Water Dist.*, 897 F. Supp. 2d 743, 747 (S.D. Ill. 2012); *Morales v. Shah*, No. 18-cv-1116-NJR-GCS, 2019 U.S. Dist. LEXIS 117368, *2-3 (S.D. Ill. July 15, 2019). Liebowitz has given no reason to doubt that he brought the action to the brink of default judgment with full knowledge that the complaint's allegations of personal jurisdiction and venue were unfounded, and that suing in this Court was baseless forum-shopping. Doc. 30. The Court should consider the merits admitted and grant the motion in full.

**II.     In the alternative, the Court should award Consequence its attorney's fees and costs as the prevailing party under the Copyright Act.**

In the alternative, Consequence seeks an order against Ward awarding Consequence all fees and costs incurred in this Court under 17 U.S.C. § 505.

Almost a year after the complaint, Liebowitz finally threw in the towel by filing a notice of dismissal on September 10, 2019. Doc. 31. He initiated the second action the same day. Booth Decl. ¶ 3 & Ex. A. Each action was more of a feint than a lawsuit seeking relief on the merits. He dismissed this action when Consequence would not agree to a $25,000 settlement demand and could not be subjected to a default judgment for $18,859.90. Keeping up appearances, he filed the second action, but never served Consequence with process. Booth Decl. ¶ 5. He could not have shown good cause for failing to serve under Rule 4(m) after twice serving Consequence at its Chicago address. Doc. 8, 21. A day before the first hearing in the second action he walked away again. Booth Decl. ¶¶ 6-7 & Ex. B.

Two dismissals are all a plaintiff is allowed. The second notice of dismissal is with prejudice and "operates as an adjudication on the merits" under Fed. R. Civ. P. 41(a)(1)(B). *Cooter & Gell*, 496 U.S. at 394. Because the claim cannot be raised again, Consequence is the prevailing party under 17 U.S.C. § 505. *Mostly Memories*, 526 F.3d at 1099.

Viewed in light of the purposes of the Copyright Act, the *Fogerty* factors—objective unreasonableness, frivolousness, and improper motivation, and the needs for compensation and deterrence—all strongly support the Court exercising its discretion to award Consequence all costs, including its attorney's fees. 510 U.S. at 534 n. 19.

The Court "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng*, 136 S. Ct. at 1983. Yet "objective reasonableness can be only an important factor in assessing fee applications—not the controlling one." *Id*. at 1988. "For

8

example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses." *Id.* at 1988-89 (citing *Viva Video, Inc. v. Cabrera*, 9 Fed. Appx. 77, 80 (2d Cir. 2001)).

It was objectively unreasonable to sue Consequence in this Court, and press on for nearly a year, after being expressly informed that personal jurisdiction was improper. See Doc. 32 p. 1. The time and work records filed in support of default judgment do not reflect that Liebowitz ever spent any time considering or attempting to confirm the propriety of venue. Doc. 18 p. 6.

It was an act of bad faith to agree to an extension to engage in settlement discussions, then cut off discussions without a word, return to the Court behind Consequence's back, and obtain entry of default from the clerk without notice, repeatedly violating both the Court's rules and its direct orders. Doc. 30 p. 15.

Ward's untenable demands and misrepresentations to the Court in support of the motion for default judgment showed further bad faith. It could not have been proper to unilaterally cut off settlement discussions, fail to serve the motion for entry of default and the Certificate of Default, and yet maintain, "a Default Judgment is Appropriate." Doc. 18 p. 1. It was misleading to speculate that Ward might "have been entitled to charge up to $1500.00 for use of the Photograph" without evidence of other licensing rates for the same photograph, especially when a third-party licensed use (by the *New York Daily News*) was central to the allegations. *Id.* ¶¶ 4 & 12; see Doc. 1 ¶ 8, Doc. 26 pp. 17-18. It was also simply false to represent to the Court that "it is unknown what profits Defendant generated from exploitation of the Photograph," and to claim without evidence that an award of $3,500 in "infringer's profits" would be proper. Doc. 18 ¶ 13; see *id.* ¶¶ 9 & 12 (seeking "$5,000 in actual damages and/or infringer's profits" while claiming "up to $1,500" of that amount as "actual damages" through lost licensing fees). During

settlement discussions, Consequence had explained without contradiction that $40 or less of its revenues could be attributable to its use of Ward's photograph. Doc. 26 p. 18, Doc. 26-1 ¶¶ 5-7, Doc. 26-3 p. 2, Doc. 26-4 p. 1.

Through Liebowitz, Ward engaged in further tactical misconduct once the entry of default was set aside and the meritorious defense of lack of personal jurisdiction was cued up for a motion to dismiss. Doc. 29 pp. 3-4. Consequence immediately demanded that Liebowitz file a notice of dismissal or move to transfer, to spare the expense of a motion to dismiss. Doc. 30-2 p. 2. Without explanation, he instead asked for a stipulation to transfer. Since Ward had no basis for its claim under 17 U.S.C. § 1202, and had shown no basis under the infringement claim for any actual damages beyond the nominal $40 in profits Consequence freely conceded, it was improper to pursue the action in another court at all, yet Consequence offered to settle the claim for $450. Doc. 30-2, Booth Decl. ¶ 8. Liebowitz did not respond and forced Consequence to bear the far greater cost of preparing and filing its motion to dismiss and for sanctions, only to render the motion to dismiss moot hours later by at last filing a notice of voluntary dismissal. Doc. 30, Doc. 30-1 ¶ 6, Doc. 31. Withholding dismissal for weeks, solely to add to the senseless costs of defense Consequence bore in this invalid action, was frivolous and inappropriate. Doc. 32 p. 2.

Finally, refiling the claim in the second action without serving process was transparently pretextual. Booth Decl. ¶¶ 3, 5, 7; Ex. A & B. Just as Ward never intended to prove that jurisdiction was proper in this Court, he never intended to prove liability in any court.

Such litigation misconduct does not deserve impunity. Ward should be required to pay the full costs he imposed on Consequence, including its reasonable attorney's fees. He and Liebowitz had no appetite for litigation beyond a settlement or a default judgment. They tried a variety of tricks to make one or the other result more likely: filing suit a five-hour drive from

Consequence's Chicago address; failing to serve default papers to give proper notice; then forcing Consequence to bear unjustifiable expense opposing an invalid default and moving to dismiss, though Ward and Liebowitz were already prepared to put the claim behind them. They may do so only when one or the other has fully compensated Consequence for that expense.

A fee award spares a prevailing defendant the "Pyrrhic victory" of winning the case but still losing money. *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791-92 (7th Cir. 2014). The purposes of the Copyright Act are served when "[p]arties with strong positions are encouraged to stand on their rights, given the likelihood that they will recover fees from the losing (*i.e.*, unreasonable) party." *Kirtsaeng*, 136 S. Ct. at 1985. "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights." *Assessment Techs.*, 361 F.3d at 437.

The purposes of the Copyright Act do not support sue-and-settle shakedown litigation with no relation to any realistic valuation. Demanding $25,000 over a website's $40 use of an eighteen-month-old news photograph is inordinate. Such pie-in-the-sky claims do not warrant the strong-arm tactics employed in this action. They must be deterred, while Consequence must be made whole for its thoroughly successful defense of this action.

## Conclusion

Wherefore, and for the reasons previously stated in Consequence's prior filings (Doc. 25, 26, 30, 32) and the declarations and exhibits filed in support hereof and thereof, Consequence respectfully renews its request that the Court enter sanctions against Liebowitz under 28 U.S.C. § 1927 or its inherent authority to regulate bad-faith conduct; requests that the Court find his four-month failure to respond to the motion for sanctions concedes its merits; and in the alternative, orders Ward to pay an award to Consequence under 17 U.S.C. §§ 505 and 1203(b)(5).

11

In any event, Consequence requests that Court enter a sanctions award or a Copyright Act award sufficient to redress its costs and fees in full.

Dated: February 10, 2020          Respectfully submitted,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant Consequence Holdings, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this February 10, 2020, the foregoing motion, the supporting Declaration of Dan Booth, and its two Exhibits (A and B), filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/ s /  Dan Booth
Dan Booth