# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, ) | Civil No. 3:18-cv-01734-NJR-MAB |
| ) | |
| Plaintiff, ) | **DECLARATION OF DAN BOOTH** |
| v. ) | **IN SUPPORT OF DEFENDANT** |
| ) | **CONSEQUENCE HOLDINGS, LLC'S** |
| CONSEQUENCE HOLDINGS, INC., ) | **MOTION FOR ATTORNEY'S FEES** |
| ) | **PURSUANT TO SDIL-LR 7.1(g) AND** |
| Defendant. ) | **17 U.S.C. §§ 505 AND 1203(b)(5)** |
| ) | |

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at law licensed to practice before the courts of the Commonwealth of Massachusetts, among others, and admitted *pro hac vice* in this action. I am counsel for Consequence Holdings, LLC ("Consequence"), the defendant in this lawsuit.

2. I submit this declaration in support of Consequence's Motion for Attorney's Fees Pursuant to SDIL-LR 7.1(g) and 17 U.S.C. §§ 505 and 1203(b)(5). I have personal knowledge of the facts set forth below, and would testify to those facts if required to do so in this action.

3. Plaintiff's counsel Richard Liebowitz ("Liebowitz") filed a notice of dismissal in this action on September 10, 2019. The same day he filed a complaint initiating a second action on plaintiff's behalf raising the same claim against Consequence and Alex Young, its founder and publisher, in the United States District Court for the Northern District of Illinois, an action styled *Ward v. Consequence Holdings, Inc. and Alexander Young*, No. 19-cv-6050 (N.D. Ill. filed Sept. 10, 2019) (the "second action"). A true and correct copy of the complaint in the second action, taken from the online docket, is attached as Exhibit A hereto.

4. I conferred with Liebowitz by phone about several matters on November 15, 2019, including this action. I reminded him that the motion for sanctions against him filed on September 9, 2019 remains pending and that he had not responded. He stated that he believed the Court's order closing the case had resolved the motion for sanctions. I stated that the motion raised a collateral issue not resolved by dismissal, and that I had advised the Court that the motion remained pending.

5. Consequence was never served with process in the second action.

6. A November 26, 2019 entry on the online docket for the second action reflects that a status hearing was set for January 9, 2020.

7. A true and correct copy from the online docket in the second action of a notice of dismissal filed on January 8, 2020, is attached as Exhibit B hereto.

8. I sent Liebowitz an offer pursuant to Fed. R. Civ. P. 68 by email on August 19, 2019, by which Consequence agreed to allow judgment to be entered against it for $450.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2020.

                                                              Dan Booth
                                                             Dan Booth Law LLC