IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, ) | Civil No. 3:18-cv-01734-NJR-MAB |
| ) | |
| Plaintiff, ) | **DEFENDANT CONSEQUENCE** |
| v. ) | **HOLDINGS, LLC'S REPLY IN** |
| ) | **SUPPORT OF ITS MOTIONS FOR** |
| CONSEQUENCE HOLDINGS, LLC, ) | **ATTORNEY'S FEES AND SANCTIONS** |
| ) | **PURSUANT TO SDIL-LR 7.1(g)** |
| Defendant. ) | |
| ) | |

Defendant Consequence Holdings, LLC ("Consequence"), in further support of its motion for attorney's fees (Doc. 35) and motion for sanctions (Doc. 30), respectfully responds to the letter brief filed by attorney Richard Liebowitz ("Liebowitz") on behalf of Plaintiff Jesse Ward ("Ward") (Doc. 36; the "letter"). Misrepresentations and misleading statements in the letter create exceptional circumstances necessitating this reply under SDIL-LR 7.1(g).

The letter misstates the predicates for Consequence's motion for fees, asserting, "Defendant's Fees Motion … is premised on the notion that it was adjudged a 'prevailing party' in a <u>separate action</u> filed in the Northern District of Illinois [.]" Doc. 36 p. 1. The fees motion is premised on two distinct grounds; the letter wholly ignores the first ground and mischaracterizes the second. First, the bad faith conduct detailed in the sanctions motion may be deemed admitted by Liebowitz's failure to respond. Doc. 35 pp. 6-7. That issue is collateral to the merits so it does not require "prevailing party" status. *Id.* Second, Consequence became the prevailing party under the Copyright Act not due to a judicial proclamation but by operation of the two-dismissal rule. *Id.* pp. 3-4 & 8. Liebowitz dismissed this action the day after Consequence moved for dismissal and sanctions, and continued the claim in a second action in the Northern District of Illinois (the "second action"). Doc. 30, 31, 35-2. He never effected service of process, and dismissed the second action just before its first status hearing. Doc. 35-3, 35-1 ¶¶ 5-7. Thus, Consequence was

1

never "adjudged" the prevailing party in the second action, just as it was not "declared a prevailing party in this Court." Doc. 36 p. 1. No such declaration was necessary because its prevailing party status was conferred on January 8, 2020 by the second notice of dismissal, which "operates as an adjudication on the merits" under Fed. R. Civ. P. 41(a)(1)(B). Doc. 35-3.

The letter misleadingly argues that Consequence should instead move for its fees in the Northern District of Illinois. Doc. 36 p. 2. But because both actions were necessary to prevailing under the two-dismissal rule, Consequence is entitled to seek its fees incurred in either case. And as Liebowitz must know, Consequence incurred no fees in the second action; it never appeared because he never served it with process. Doc. 35-1 ¶ 4. Liebowitz never even moved for *pro hac vice* admission in the second action, as required by N.D. Ill. Local Rule 83.14. It was "more of a feint than a lawsuit seeking relief on the merits." Doc. 35 p. 8. Liebowitz only restaged the claim in the second action to sow delay and maintain the veneer of good-faith litigation while skirting judicial review. Consequence's fees should be addressed in this Court, where they were incurred, to serve the interest of judicial economy and to give full effect to the two-dismissal rule.

Liebowitz misleadingly cites to five cases that have no bearing on Consequence's motions because each concerns only a single voluntary dismissal without prejudice. Doc. 36 p. 1. As several of the cases he cited in his letter confirm, "the filing of a second suit on the same claim allows the court to award the costs of the first case." *Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). "Capitulation or settlement is the practical equivalent of success. Surrender by the plaintiff should be treated similarly." *Id.* "Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)). Ward, through Liebowitz, filed two suits against

Consequence and took two voluntary dismissals, which operate with prejudice. *Cooter & Gell*, 496 U.S. at 394; see also *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165-66 (2d Cir. 2014); *Nexus Servs. v. Moran*, No. 16-cv-35, 2018 U.S. Dist. LEXIS 47911, *35-39 (W.D. Va. Mar. 23, 2018) (citing *Carter*). The letter does not dispute that the second voluntary notice of dismissal is with prejudice under the two-dismissal rule. "There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under [17 U.S.C.] § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.* 526 F.3d 1093, 1099 (7th Cir. 2008) (citing *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005). "Because Plaintiff[] cannot refile, the judgment has materially altered the parties' legal relationship." *Carter*, 759 F.3d at 166. As Liebowitz has been informed, a copyright plaintiff's voluntary dismissal with prejudice renders the defendant the prevailing party. *Janik v. Spin Media*, No. 16-cv-7308 (JGK), 2017 U.S. Dist. LEXIS 199343, *4-6 (S.D.N.Y. Dec. 4, 2017) (citing *Carter*). See also *Cobbler Nev., LLC v. Gonzales*, No. 15-cv-866, 2016 U.S. Dist. LEXIS 181064-SB, *5-10 (D. Or. Dec. 2, 2016). Consequence is the prevailing defendant in both actions because both have been dismissed and their claims cannot be revived.

      The letter contends that Consequence's motion for fees is "untimely," and "any motion for attorneys' fees needed to be filed on or before October 2, 2019." Doc. 36 p. 1. That is both factually and legally wrong. First, as noted, Consequence *did* move for its attorney's fees well before October 2, 2019, seeking sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority on September 9, 2019. Doc. 30. Liebowitz has never responded to the sanctions motion, despite ample notice that it remains pending. Doc. 32, 32-1, 35 pp. 1 & 6-7. Second, it is misleading to intimate that a fee motion under the Copyright Act would have been due by October 2, 2019. It would have been premature then, before Consequence attained prevailing

3

party status, because the Copyright Act authorizes shifting fees only "to the prevailing party." 17 U.S.C. § 505. Once prejudice attached on January 8, 2020, Consequence was authorized to seek its fees under the Copyright Act. It did so timely, two days later, on January 10, 2020. Doc. 35.

Liebowitz suggests that the Court should treat the case "as if it had never been filed." Doc. 36 p. 1 (quoting *Nelson*, 657 F.3d at 588). That, Consequence cannot do, after bearing more than $21,000 in attorney's fees and expenses. Doc. 30-3. One of Liebowitz's routine strong-arm settlement tactics is to externalize costs to defendants. He filed suit without any pre-litigation attempt to negotiate, or to verify that this forum was proper. Doc. 26-1 ¶ 4; Doc. 35 p. 9 (citing Doc. 18 p. 6). When Consequence sought to negotiate in good faith without counsel, he went behind its back to obtain an invalid default without service or notice, violating the Court rules and a direct order. Doc. 30 p. 15; see Doc. 9, 13, 26-1 ¶¶ 5-10. Though he does not deny that personal jurisdiction and venue were improper, he forced Consequence to litigate in this Court, to avoid a default judgment motion for $18,859.90. Doc. 17, 25, 26-1 ¶ 12, 29. Consequence had to engage counsel to overcome the default and defend from claims he would not bother to support. Piling on more costs, Liebowitz put off filing a notice of dismissal until after Consequence moved to dismiss. Doc. 30, 32 p. 2, 35 p. 10. Consistent with the purposes of Rule 41, 28 U.S.C. § 1927 and 17 U.S.C. § 505, the Court should award fees so that Consequence will not wind up out of pocket, with only a "Pyrrhic victory" to show for its troubles. *Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791-92 (7th Cir. 2014); see Doc. 35 p. 11.

Liebowitz twice proposes that the Court "set a briefing schedule" to address the motion for fees under the Copyright Act. Doc. 36 pp. 1, 2. But the briefing schedule was set by operation of SDIL-LR 7.1(g). Rather than address the merits of the fee motion, he requests that the Court "terminate" it entirely without consideration. To the extent that the letter may be construed as a

motion to strike, it is disfavored, and should be denied. See *Eagle Forum v. Phyllis Schlafly's Am. Eagles*, No. 16-cv-946-NJR, 2020 U.S. Dist. LEXIS 11073, *8-10 (S.D. Ill. Jan. 23, 2020); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike require a showing of prejudice. *Id.*; see also *Sunnybrook LP v. City of Alton*, No. 18-cv-2193-NJR-RJD, 2019 U.S. Dist. LEXIS 196662, *19 (S.D. Ill. Nov. 13, 2019). The letter fails to show that Consequence caused Liebowitz or Ward any prejudice or undue burden.

Liebowitz offers no reason why the motion for sanctions should not be deemed admitted for lack of response, and granted in full. The Seventh Circuit has affirmed this Court's imposition of Section 1927 sanctions against a plaintiff's lawyer who did not respond to the defendant's showing that the case was frivolous. *Tate v. Ancell*, 551 Fed. Appx. 877 (7th Cir. 2014), *aff'g* No. 08-022-DRH, 2012 U.S. Dist. LEXIS 17425 (S.D. Ill. Feb. 10, 2012). Consequence has made that showing in every filing, without dispute from Liebowitz.

The letter also fails to engage the substance of the motion for fees under the Copyright Act. See Doc. 35 pp. 8-11. Liebowitz declines to grapple with the *Fogerty* factors, or muster any justification for any aspect of this bad faith litigation. He may not simply "flee the jurisdiction or the judge" and get away scot-free. Doc. 36 p. 1 (quotation omitted). See *Lightspeed Media Corp. v. Smith*, 761 F.3d 699 (7th Cir. 2014) (affirming Section 1927 sanctions awarded to defendants after voluntary dismissal); *Mostly Memories*, 526 F.3d at 1093 (reversing for award to defendant under Copyright Act after voluntary dismissal). He must face the consequences.

Wherefore, and for the reasons set forth in the motion for sanctions and the motion for attorney's fees, Consequence requests that the Court declare Consequence the prevailing party and award its costs and fees under the Copyright Act, or declare Liebowitz a vexatious litigant and award costs and fees under 28 U.S.C. § 1927 and the Court's inherent authority.

Respectfully,

/ s / Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant
Consequence Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this January 28, 2020 I filed the foregoing motion for leave to file a supplemental brief electronically via the Court's ECF system, with the proposed supplemental brief as an attachment, and thereby caused a true and correct copy of said documents to be served on each other party registered through ECF.

/ s / Dan Booth

6