IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD, | ) |
| Plaintiff, | ) Civil No. 3:18-cv-01734-NJR-MAB |
| v. | ) |
| | ) **DEFENDANT CONSEQUENCE** |
| CONSEQUENCE HOLDINGS, INC., | ) **HOLDINGS, LLC'S MOTION FOR** |
| | ) **LEAVE TO FILE SUPPLEMENTAL** |
| Defendant. | ) **AUTHORITY** |

Defendant Consequence Holdings, LLC ("Consequence") requests leave to file the recent decision in *Dragon Intellectual Property, LLC v. Dish Network LLC*, No. 2019-1283 (Fed. Cir. Apr. 21, 2020) as supplemental authority. A copy is attached for reference.

After the Court denied Plaintiff Jesse Ward's ("Ward") motion for default judgment and Consequence moved for dismissal and sanctions, he dismissed this copyright infringement action himself, refiled it in the Northern District, then dismissed again. Doc. 29, 30, 31, 35-2, 35-3. The second dismissal was with prejudice under the "two-dismissal" rule, so Consequence moved for its attorney's fees as the "prevailing party" under the Copyright Act in this action. See Doc. 35 p. 8. Ward's counsel[1] denied that the result of the second action conferred prevailing party status in this action. See Doc. 36 p. 1 ("Defendant's Fee Motion … is premised on the notion that it was adjudged a 'prevailing party' in a separate action filed in the Northern District of Illinois").

*Dragon* is persuasive authority supporting the principle that prevailing party status can result from a later, separate proceeding. The Federal Circuit held that defendants in a patent infringement case were eligible for fees in the district court, though they had prevailed in a later forum (the Patent Trial and Appeal Board, on *inter partes* review). See *Dragon*, slip op. at p. 4.

---

[1] Consequence's separate motion for sanctions against Ward's counsel remains pending and unanswered after eight months. Doc. 30 pp. 13-20; see Doc. 35 pp. 6-7 & Doc. 37 pp. 1, 3 & 5 (contending that counsel's failure to respond to the motion concedes its merits).

After the Board invalidated the asserted patent claims, the district court vacated an earlier judgment of non-infringement and denied fees. *Id.* p. 5. The Federal Circuit reversed the denial, reiterating that prevailing party status did not require "actual relief on the merits," and found it erroneous to deny fees merely because the defendants achieved their "success in a different forum." *Id*. What mattered was that the defendants had "successfully rebuffed [plaintiff's] attempt to alter the parties' legal relationship in an infringement suit." *Id*. pp. 6-7 (citing *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019)).

Wherefore, and for the reasons previously stated in its prior filings (Doc. 25, 26, 30, 32, 35, 37) and the declarations and exhibits filed in support thereof, Consequence requests leave to file the attached decision, and renews its request for an award of its attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(5).

Dated: April 28, 2020          Respectfully submitted,

    / s / Dan Booth
    Dan Booth
    Dan Booth Law LLC
    60 Thoreau Street #121
    Concord, MA 01742
    dan@danboothlaw.com

    *Counsel for Defendant Consequence Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this April 28, 2020, the foregoing motion and its exhibit, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

    / s / Dan Booth
    Dan Booth

Case 3:18-cv-01734-NJR-MAB   Document 38   Filed 04/28/20   Page 3 of 3   Page ID #249

3