# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY, LLC,**
*Plaintiff-Appellee*

v.

**DISH NETWORK LLC,**
*Defendant-Appellant*

v.

**ROBERT E. FREITAS, FREITAS & WEINBERG LLP, JASON S. ANGELL,**
*Respondents-Appellees*

---

2019-1283

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-02066-RGA, Judge Richard G. Andrews.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DRAGON INTELLECTUAL PROPERTY, LLC,**
*Plaintiff-Appellee*

v.

**SIRIUS XM RADIO INC.,**
*Defendant-Appellant*

v.

**JASON S. ANGELL, ROBERT E. FREITAS, FREITAS & WEINBERG LLP,**
*Respondents-Appellees*

---

2019-1284

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-02067-RGA, Judge Richard G. Andrews.

---

Decided: April 21, 2020

---

KAI ZHU, Dragon Intellectual Property, LLC, Los Altos, CA, for plaintiff-appellee.

JAMIE ROY LYNN, Baker Botts, LLP, Washington, DC, argued for defendant-appellant DISH Network LLC. Also represented by LAUREN J. DREYER; GEORGE HOPKINS GUY, III, Palo Alto, CA; ALI DHANANI, MICHAEL HAWES, Houston, TX.

MARK BAGHDASSARIAN, Kramer Levin Naftalis & Frankel LLP, New York, NY, argued for defendant-appellant Sirius XM Radio Inc. Also represented by SHANNON H. HEDVAT.

ROBERT E. FREITAS, Freitas & Weinberg LLP, Redwood Shores, CA, argued for respondents-appellees. Also represented by RACHEL KINNEY, DANIEL J. WEINBERG.

ALEXANDRA HELEN MOSS, Electronic Frontier

Foundation, San Francisco, CA, for amicus curiae Electronic Frontier Foundation.

---

Before LOURIE, MOORE, and STOLL, *Circuit Judges*.

MOORE, *Circuit Judge*.

DISH Network LLC and Sirius XM Radio Inc. (SXM) (collectively, Appellants) appeal the United States District Court for the District of Delaware's order denying Appellants' motions for attorneys' fees under 35 U.S.C. § 285. Because the district court erred in holding that Appellants are not prevailing parties under § 285, we vacate and remand.

## BACKGROUND

Dragon Intellectual Property, LLC separately sued DISH, SXM and eight other defendants[1] in December 2013, alleging infringement of claims of U.S. Patent No. 5,930,444. On December 23, 2014, DISH filed a petition seeking *inter partes* review of the '444 patent. The Board instituted review on July 17, 2015 and subsequently granted SXM's request for joinder under 35 U.S.C. § 315(c). The district court stayed proceedings as to DISH and SXM pending the resolution of the Board's review but proceeded with claim construction as to the other eight defendants.

After a consolidated claim construction hearing, the district court issued a claim construction order on September 14, 2015. Following the claim construction order, Dragon, DISH, SXM, and the other eight defendants

---

[1] Dragon also sued Apple, Inc., AT&T Services, Inc., Charter Communications Inc., Comcast Cable Communications LLC, Cox Communications Inc., DirecTV LLC, Time Warner Cable Inc., and Verizon Communications Inc. in separate complaints.

stipulated to noninfringement as to the products accused of infringing claims of the '444 patent. On April 27, 2016, the district court entered judgment of noninfringement in favor of all defendants, including DISH and SXM, based on the district court's claim construction order and the parties' stipulation. *See, e.g.*, *Dragon Intellectual Prop., LLC v. DISH Network LLC*, No. 1:13-cv-02066-RGA (D. Del. Apr. 27, 2016), ECF No. 117; *Dragon Intellectual Prop., LLC v. Sirius XM Radio Inc.*, No. 1:13-cv-02067-RGA (D. Del. Apr. 27, 2016), ECF No. 130. On June 15, 2016, in the parallel *inter partes* review, the Board issued a final written decision holding unpatentable all asserted claims. *See Dish Network L.L.C. v. Dragon Intellectual Prop., LLC*, No. IPR2015-00499, 2016 WL 3268756 (PTAB June 15, 2016).

In August 2016, DISH and SXM moved for attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927. Before the motions were resolved, Dragon appealed both the district court's judgment of noninfringement and the Board's final written decision. On November 1, 2017, we affirmed the Board's decision and dismissed the parallel district court appeal as moot. *See Dragon Intellectual Prop., LLC v. Dish Network LLC*, 711 F. App'x 993, 998 (Fed. Cir. 2017); *Dragon Intellectual Prop., LLC v. Apple Inc.*, 700 F. App'x 1005, 1006 (Fed. Cir. 2017). On remand, Dragon moved to vacate the district court's judgment of noninfringement and to dismiss the case as moot. On September 27, 2018, the district court vacated the judgment of noninfringement as moot but retained jurisdiction to resolve Appellants' fees motions. *Dragon Intellectual Prop., LLC v. Apple, Inc.*, No. 1:13-cv-02058-RGA, 2018 WL 4658208, at *2–3 (D. Del. Sept. 27, 2018).

On November 7, 2018, the district court denied the DISH and SXM motions for attorneys' fees. *Dragon Intellectual Prop., LLC v. DISH Network, LLC*, No. 1:13-cv-02066-RGA, 2018 WL 5818533, at *1–2 (D. Del. Nov. 7, 2018). The district court agreed that DISH and SXM "achieve[d] a victory" over Dragon but held that neither

DISH nor SXM is a prevailing party because they were not granted "actual relief on the merits." *Id.* at *1 & n.1. The district court further stated that "success in a different forum is not a basis for attorneys' fees" in the district court. *Id.* at *1 n.1.[2] DISH and SXM appeal, arguing that the district court erroneously held that they are not prevailing parties. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).[3]

## DISCUSSION

A district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. We review a district court's determination of whether a litigant is a prevailing party under § 285 *de novo*, applying Federal Circuit law. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006). Appellants argue the district court erred in holding that

---

[2] The district court also denied Appellants' motions for attorneys' fees under § 1927. *Dragon Intellectual Prop., LLC v. DISH Network LLC*, No. 1:13-cv-02066-RGA, 2018 WL 5818533, at *2. Dragon has not challenged that aspect of the district court's decision on appeal and has thus waived it.

[3] Under 28 U.S.C. § 1295(a)(1), we have jurisdiction over "an appeal from a final decision of a district court of the United States. . . ." The parties do not dispute that together with the district court's vacatur, the order denying the Appellants' motions for fees resolved all matters before the district court. Accordingly, the district court's order constitutes a final appealable decision under 28 U.S.C. § 1295(a)(1). *See PPG Indus., Inc. v. Celanese Polymer Specialties Co., Inc.*, 840 F.2d 1565, 1567 (Fed. Cir. 1988) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

they are not prevailing parties under § 285 because they were not awarded "actual relief on the merits." We agree.

We have held that "a defendant can be deemed a prevailing party even if the case is dismissed on procedural grounds rather than on the merits." *See, e.g., B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 678–79 (Fed. Cir. 2019). In *B.E. Technology*, B.E. Technology sued Facebook, accusing it of patent infringement. *Id.* at 676. Facebook and two other parties that B.E. Technology had accused of infringement, Microsoft and Google, filed separate petitions for *inter partes* review of the asserted claims. *Id.* The district court stayed proceedings pending the Board's review. *Id.* The Board held the asserted claims unpatentable in three final written decisions and B.E. Technology appealed. *Id.* We affirmed the Board's final written decision in the Microsoft *inter partes* review and dismissed the remaining appeals as moot. *Id.* On remand, Facebook moved for judgment on the pleadings. *Id.* at 676–77. The district court instead dismissed the case as moot. *Id.* at 677.

We held that "even though the mootness decision was made possible by winning a battle on the merits before the PTO," Facebook was a prevailing party because it "rebuffed B.E.'s attempt to alter the parties' legal relationship in an infringement suit." *Id.* at 679. Although *B.E. Technology* involved the interpretation of prevailing party under Fed. R. Civ. P. 54(d), we see no meaningful distinction that would warrant a different interpretation under § 285. *See e.g.*, *B.E. Tech.*, 940 F.3d at 677 ("We interpret the term [prevailing party] consistently between different fee-shifting statutes, and between Rule 54(d) and 35 U.S.C. § 285."). Like in *B.E. Technology*, Appellants succeeded in invalidating the asserted claims before the Board. After we affirmed the Board's decision, the district court vacated the judgment of noninfringement as moot. Therefore, as in *B.E. Technology*, Appellants successfully rebuffed Dragon's

attempt to alter the parties' legal relationship in an infringement suit.

At oral argument, Dragon attempted to distinguish *B.E. Technology* on the basis that the district court here vacated the judgment of noninfringement previously entered in favor of Appellants instead of merely dismissing the case as moot.[4] Oral Arg. 18:10–21:50. But such a distinction elevates form over substance and is inconsistent with the reasoning set forth in *B.E. Technology*. *See* 940 F.3d at 679 (holding that the distinction between a dismissal for mootness and a dismissal for lack of standing does not warrant a different result). The judgment of noninfringement was vacated only because the Appellants successfully invalidated the asserted claims in a parallel *inter partes* review proceeding, rendering moot Dragon's infringement action. If anything, Appellants' success in obtaining a judgment of noninfringement, although later vacated in view of Appellants' success in invalidating the asserted claims, further supports holding that they are prevailing parties. Therefore, consistent with our decision in *B.E. Technology*, we hold that DISH and SXM are prevailing parties. Accordingly, we vacate and remand the district court's order denying Appellants' motions for attorneys' fees under 35 U.S.C. § 285.

Appellants further argue that fees awarded under § 285 should include fees incurred in related proceedings, including parallel proceedings under the Leahy–Smith America Invents Act and appeals therefrom, and that fees under § 285 should be awarded against counsel of record as

---

[4] Dragon's remaining arguments are directed to overturning *B.E. Technology*. We cannot consider these arguments at the panel stage as we are bound to follow the precedential decisions of prior panels. *See CCA Assocs. v. United States*, 667 F.3d 1239, 1244 (Fed. Cir. 2011).

jointly and severally liable with a party. Appellants request that we resolve these legal issues prior to any remand. Though we see no basis in the Patent Act for awarding fees under § 285 for work incurred in *inter partes* review proceedings that the Appellants voluntarily undertook, we remand to the district court for initial consideration of Appellants' fee motions. We note that fees are awarded only in exceptional cases, and not to every prevailing party. Should the district court determine that this is not an exceptional case, there would be no need to reach the additional issues regarding fee-shifting in *inter partes* reviews or joint and several liability of counsel. For this reason, we decline counsel's request that we resolve these issues in the first instance.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we vacate and remand the district court's order denying Appellants' motions for attorneys' fees under 35 U.S.C. § 285.

**VACATED AND REMANDED**

## COSTS

Costs to Appellants.