IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE WARD,

        Plaintiff,

v.                                                    Case No. 3:18-CV-1734-NJR

CONSEQUENCE HOLDINGS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

ROSENSTENGEL, Chief Judge:

Pending before the Court is a Motion for Sanctions filed by Defendant Consequence Holdings, Inc. ("Consequence") (Doc. 30), a Motion for Attorney's Fees filed by Consequence (Doc. 35), and a Motion for Leave to File Supplemental Authority by Consequence (Doc. 38).

This action stems from the unauthorized use of a photograph copyrighted by Plaintiff Jesse Ward ("Ward"), a freelance photographer from New York, by Consequence, an entity based in Chicago, Illinois. Following Consequence's use of Ward's photograph on September 9, 2016, Ward retained as his counsel Richard Liebowitz, an attorney of the Liebowitz Law Firm of Valley Stream, New York. On September 17, 2018, Liebowitz filed on Ward's behalf a complaint against Consequence in this district court, alleging claims under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seeking monetary damages (Doc. 1). Alex Young, founder of Consequence, received the complaint on October 12, 2018 (Doc. 26-1 at 1–2), after which he contacted Liebowitz and

began negotiations regarding a settlement, conceding that Consequence's use was unauthorized and offering to pay Ward's standard rate (Doc. 26-3). The parties verbally agreed to extend the deadline for responding to Ward's summons, though no request for an extension was filed in this Court (*Id.*). On October 25, 2018, Young wrote to Liebowitz, arguing that this Court was an improper forum because Consequence was based in Chicago (Doc. 26-1 at 2). Liebowitz did not respond to this letter, and no further communication between the parties appears to have occurred until December.

The Court, unaware that any communication between the parties had occurred, threatened to dismiss the case for lack of prosecution unless notice of proper service to Consequence was provided to the Court (Doc. 7). Upon notice of service being entered, the Court again threatened to dismiss for lack of prosecution unless Ward moved for a default judgment, noting that Consequence had failed to answer the complaint by the deadline on October 16, 2018. Accordingly, Ward moved for entry of a default judgment on January 24, 2019, and the Court subsequently entered judgment. Ward failed to comply with Local Rule 55.1(b), however, which requires notice of default to a defendant's last known address. Thus, Consequence did not become aware of the entry of default until July 2019. Consequence, which seems to have been unrepresented to this point, appears to have then retained counsel, with Daniel Booth of Dan Booth Law in Concord, Massachusetts, entering an appearance on August 2, 2019. On the same date, Consequence moved to set aside the entry of default, its first filing in this case (Doc. 29 at 3). The Court set aside the entry of default, noting Ward's failure to provide notice to

Consequence and Consequence's argument that this Court lacked personal jurisdiction and appeared to be an improper venue (*Id.*).

After default was set aside, Consequence moved to dismiss for lack of jurisdiction, further asking this Court to enter an award of attorney's fees against Liebowitz, Ward's counsel, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (Doc. 30). In seeking fees, Consequence noted that at the same time as this action, Liebowitz had also filed three other actions in this Court, all against entities based in Chicago. Ascribing a vexatious motive to Liebowitz's inappropriate forum choice, Consequence argued that Liebowitz should personally be ordered to pay Consequence's attorney's fees, arguing that Liebowitz:

> "agreed to an open-ended extension of time for Consequence to answer the complaint, then turned around and moved for a default without giving the notice required by Local Rule 55.1, violating a specific Court order to comply with that rule. He then moved for a default judgment, still well aware that jurisdiction and venue were improper, needlessly increasing the costs of litigation for Consequence."

(Doc. 30 at 13).

Consequence further noted that its counsel, Dan Booth, had in fact notified Liebowitz in October 2018 that venue was inappropriate in *this* action while representing a different client in a wholly different action, nearly a year before Booth even entered an appearance in this action (Doc. 30 at 14). Indeed, Consequence alleges that Liebowitz's filing of this case in this district is part of a pattern in which Liebowitz seeks to evade the local rules of the Northern District of Illinois—requiring appointment of local counsel and posting a bond—by filing cases against Chicago defendants here. In support of this

unusual contention, Consequence presented extensive evidence regarding Liebowitz himself, noting that in the course of his extensive copyright litigation practice he has been subject to numerous motions for sanctions in the past and been criticized by federal judges in previous cases as routinely bringing claims that do not result in substantive litigation.[1]  In its motion, Consequence sought to recover $21,037.50 in attorney's fees for 49.5 hours of counsel Dan Booth's services to date, at $425 per hour (Doc. 30 at 19, Doc. 31-1, Doc. 31-3).

On September 10, 2019, Ward filed for voluntary dismissal, and this Court closed the case the next day, leaving Consequence's motion for sanctions still pending (Docs. 31, 33). On January 10, 2020, Consequence filed an additional motion for attorney's fees. Noting that Liebowitz had not responded to its previous motion for sanctions, Consequence argued that his subsequent voluntary dismissal of a similar claim in the Northern District of Illinois operates with prejudice and makes Consequence the "prevailing party" entitled to claim its attorney's fees under 17 U.S.C. § 505. Liebowitz responded to claim that a voluntary dismissal should be without prejudice, ignoring the clear language of Federal Rule of Civil Procedure 41(a)(1)B) stating that "if plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Liebowitz further

---

[1] In addition to numerous judicial opinions sanctioning Liebowitz and criticizing his conduct, Liebowitz has been profiled by national media as a "copyright troll." *See, e.g.*, *Rice v. Universal Media LLC*, 2019 U.S. Dist. LEXIS 114690, *1 (S.D.N.Y. July 10, 2019)(collecting cases)("there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."); Justin Peters, *Why Every Media Company Fears Richard Liebowitz*, Slate (May 24, 2018); Alison Frankel, *Manhattan federal judges are getting fed up with notorious copyright 'troll,'* Reuters (July 11, 2019).

claimed that Consequence's motion was not timely, citing Federal Rule of Civil Procedure 54(d)(2)(B)(i) for the proposition that a motion for fees must be filed no later than 14 days after judgment, ignoring the fact that Consequence filed its motion concurrently with its motion to dismiss, before judgment was entered.

## ANALYSIS

### A. Applicable Law

Consequence has raised two independent bases upon which the Court could choose to impose sanctions. Under 17 U.S.C. § 1927, the Court may impose sanctions upon attorneys who "unreasonably and vexatiously" multiply proceedings in a case. Such sanctions will be appropriate where an attorney has acted in an "objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice[.]" *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quotations omitted). Regardless of its statutory authority, the Court's inherent authority provides an independent basis for it to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)).

In addition to these bases for awarding costs or other sanctions against Liebowitz, 17 U.S.C. § 505 and 17 U.S.C. § 1203 grant the Court discretion to award attorney's fees to a prevailing party in a copyright action, creating exceptions to the standard American Rule by which parties bear their own costs.

B. *Discussion*

It is a simple matter for the Court to conclude that Liebowitz's conduct in this case has been irresponsible, unreasonable, and detrimental to the fair administration of justice, harming both Consequence, the Court, and even his own client, who has lost his opportunity to advance what appears to have been a meritorious claim. Even without the ample evidence on the record as to Liebowitz's consistently poor practice of law in other jurisdictions, his filings in this case do not indicate any basis upon which Liebowitz could have thought that this Court was the appropriate venue for this action, leading the Court to conclude that he likely filed this action as a bad faith, frivolous effort to harass Consequence. Liebowitz's conduct in proceeding with the action after being notified that this Court was an inappropriate venue, then seeking a default judgment without notifying the opposing party, further demonstrates a tendency to vexatiously and unreasonably create frivolous work for the Court. While the undersigned is generally inclined to give attorneys the benefit of the doubt, based on the sheer volume of cases that Liebowitz has filed, the Court feels that he should know better by now.

That said, while Liebowitz may be an example of the worst kind of lawyering, the Court is not inclined to forget the larger picture and the basis for this claim. Consequence conceded early on that it did use Ward's intellectual property without permission; it has never advanced any good reason why it published his photograph without seeking consent and offering payment. Misuse of intellectual property has become a pervasive problem in the internet era and one that is especially pernicious for freelance photographers like Ward, who often lack the resources to pursue claims in court against

organizations like Consequence, knowing that even if successful they may receive mere token payments of a few hundred dollars for their work, far less than their legal fees.[2] Aggressive plaintiffs' attorneys such as Liebowitz, then, can be said to represent the fetid backwash of online media providers' own persistent and willful disregard for intellectual property norms, and the Court is not overly sympathetic to Consequence's plea to be made whole.

Further, the Court notes that the persistent confusion in this case is not solely the fault of Liebowitz. Consequence never answered the complaint and made no filings in this Court until August 2019, approximately nine months after it was served, and it does not even appear to have retained counsel in that nine-month period. While Consequence blames Liebowitz for its failure to respond, noting that he never notified the Court of the agreement to extend the response deadline, Consequence also made no effort to notify the Court that it had entered settlement discussions with Ward or that it felt venue was improper. When settlement discussions broke down, Consequence seemingly ignored the fact that litigation remained pending in this Court, perhaps expecting, ostrich-like, that Liebowitz would vanish if it simply stuck its head in the sand and did nothing.

Consequence finally did emerge from its torpor and take an interest in this case, with Dan Booth entering an appearance as Consequence's counsel. The Court was intrigued by Booth's claim that he had discussed this case with Liebowitz ten months

---

[2] For a discussion of the difficulties of copyright enforcement in the context of freelance photography, *see e.g.*, Jessica Silbey, Eva E. Subotnik & Peter DiCola, *Existential Copyright and Professional Photography*, 95 Notre Dame L. Rev. 263 (2019); Don E. Tomlinson & Christopher R. Harris, *Free-Lance Photojournalism in a Digital World: Copyright, Lanham Act and Droit Moral Considerations Plus a Sui Generis Solution*, 45 Fed. Comm. L.J. 1 (2019).

before he represented Consequence. Taking judicial notice of other similar proceedings and Booth's own website, the Court observes that Booth has found himself opposite Liebowitz with some frequency in forums across the country.[3] The Court does not wish to encourage personal disputes between individual attorneys that extend across multiple representations, and in this context it is logical to look with some extra skepticism on Dan Booth's motivations in pursuing this representation and his estimates of his fees.

Based on its own inherent authority, the Court will sanction Liebowitz in the amount of $20,000, a sum which represents the Court's estimate of Consequence's reasonable legal fees as well as the expenditure of the Court's resources. Half of this amount will be paid to the Court, with $10,000 in fees awarded to Consequence. The Court hopes that Consequence's remaining uncompensated financial expenditure and the experience of wrangling with legal lampreys such as Liebowitz will serve to ensure that Consequence in the future exercises the merest modicum of caution necessary to avoid misusing the intellectual property of others.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** in part the Motion for Sanctions (Doc. 30) and the Motion for Attorney's Fees (Doc. 35) and **SANCTIONS** Liebowitz and his firm for his vexatious and bad faith practice on pursuing this claim.

---

[3] *See, e.g., Craig v. PopMatters Media Inc.*, 19-cv-05596 (N.D. Ill.); *Bradley v. Analytical Grammar, Inc.*, 5:19-cv-00249 (E.D.N.C.). Mr. Booth's own website states that "Dan Booth has vigorously defended a variety of media companies facing the same attorney's [Liebowitz's] trumped-up litigation claims." *Detroit Metro Times (Euclid Media Group)*, Dan Booth Law (May 6, 2020), https://danboothlaw.com/representative-cases/detroit-metro-times-euclid-media/.

Within **thirty days** of this Order, Mr. Liebowitz and the Liebowitz Law Firm, jointly and severally, shall pay monetary sanctions to the Court (payable to the Clerk of the United States District Court, Southern District of Illinois) in the amount of **$10,000** and fees to Consequence in the amount of **$10,000**. Within one week of receipt, Consequence shall file proof of such payment.

The Court continues to retain jurisdiction to impose any additional sanctions as necessary. Consequence's Motion to File Supplemental Authority is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   **May 7, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**