UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
(EAST ST. LOUIS)

JESSE WARD

Plaintiff,

- against –

CONSEQUENCE HOLDINGS, LLC

Defendant.

Docket No. 3:18-cv-01734 (NJR-MAB)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
VACATE THE COURT'S ORDER, DATED MAY 7, 2020, PURSUANT TO RULE
60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND
TO STAY EXECUTION OF THE ORDER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ........................................................................................................ 1

PROCEDURAL BACKGROUND.................................................................................. 3

LEGAL STANDARD.................................................................................................. 6

ARGUMENT ............................................................................................................ 7

**POINT I:  DEFENDANT'S BAD FAITH CONDUCT FORECLOSES ANY
SANCTIONS AWARD IN ITS FAVOR....................................................... 7**

A. DEFENDANT'S INEXCUSABLE DELAY OF <u>294 DAYS</u> BEFORE FILING A NOTICE OF
APPEARANCE CONSTITUTES BAD FAITH AND THEREFORE DISQUALIFIES DEFENDANT
FROM RECOVERING ANY MONETARY AWARD.......................................................... 8

B. DEFENDANT SUSPICIOUSLY DISSOLVED ITS ENTITY BEFORE IT FILED ITS MOTION TO
DISMISS AND MOTION FOR SANCTIONS IN SEPTEMBER 2019 ................................... 9

C. DEFENDANT'S MOTION TO DISMISS BASED ON PERSONAL JURISDICTION WAS
PATENTLY FRIVOLOUS AND CONTRARY TO U.S. SUPREME COURT LAW ............... 10

D. DEFENDANT'S FAILURE TO MEET AND CONFER WITH PLAINTIFF PRIOR TO FILING
ITS MOTIONS UNNECESSARILY INCREASED THE COST OF LITIGATION ................... 12

**POINT II: THE COURT SHOULD NOT IMPOSE SANCTIONS ON
PLAINTIFF'S COUNSEL FOR SELECTING A PROPER VENUE
THAT IS LEGITIMATELY CONVENIENT FOR THE PLAINTIFF. 12**

A. AS A MATTER OF LAW, PLAINTIFF'S CHOICE OF VENUE IS ENTITLED TO
SUBSTANTIAL WEIGHT BECAUSE IT WAS PROPERLY MOTIVATED ......................... 13

B. DEFENDANT FAILED TO SHOW THAT ITS CORPORATE AGENTS OR THIRD-PARTY
WITNESSES WOULD BE LEGITIMATELY INCONVENIENCED BY LITIGATING IN
PLAINTIFF'S ORIGINAL CHOICE OF FORUM ............................................................ 15

C. ANY ALLEGED INCONVENIENCE TO DEFENDANT COULD HAVE BEEN RESOLVED
THROUGH MODERN TECHNOLOGY ....................................................................... 16

**POINT III: THE COURT SHOULD NOT IMPOSE SANCTIONS ON PLAINTIFF'S COUNSEL FOR VOLUNTARILY DISMISSING THE ACTION UNDER RULE 41(a)** ................................................................... 17


**POINT IV: THE COURT DENIED PLAINTIFF'S COUNSEL THE RIGHT TO DUE PROCESS DY DECLINING TO RE-OPEN THE CASE OR SET AN APPROPRITE BRIEFING SCHEDULE TO OPPOSE DEFENDANT'S SECOND SANCTIONS MOTION** ............................. 19


CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

## CASES

*Aquatic Amusement Associates, Ltd. v. Walt Disney World*,
   734 Supp. 54, 57 (N.D.N.Y. 1990) ............................................................................... 16

*Cavu Releasing, LLC. v. Fries*,
   419 F. Supp. 2d 388, 393–94 (S.D.N.Y. 2005) ........................................................... 11

*D.H. Blair & Co., Inc. v. Gottdiener*,
   462 F.3d 95, 107 (2d Cir. 2006) ................................................................................... 13

*Daimler AG v. Bauman*,
   571 U.S. 117, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014) .............................................. 11

*Duncan v. International Bus. Machines*,
   1996 WL 720106, at *5 (S.D.N.Y. 1996) .................................................................... 16

*Ford Motor Co. v. Ryan*,
   182 F.2d 329, 330 (2d Cir.1950) .................................................................................. 13

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501, 508 (1947) .............................................................................................. 13

*In re National Presto Industries, Inc.*,
   347 F.3d 662, 664 (7th Cir.2003) ................................................................................ 13

*International Controls Corp. v. Vesco*,
   556 F.2d 665, 670 (2d Cir. 1977)................................................................................... 6

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 112, Fed. Sec. L. Rep. (CCR) P 95996 (S.D.N.Y. 2010).......................... 16

*Johnson v. Levine*,
   No. 09-CV-0994-MJR-DGW, 2010 WL 11565552, at *5 (S.D. Ill. Sept. 17, 2010)... 13

*Jones v. Niagara Frontier Transp. Auth.*,
   722 F.2d 20, 22–23 (2d Cir. 1983).................................................................................. 9

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
   168 F.3d 347, 350 (9th Cir. 1999) .................................................................................. 6

*Lugo v. Artus*,
 No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) .................. 6

*McCormick v. Cohn*,
 No. CV 90-0323 H, 1992 WL 687291, at *4 (S.D. Cal. July 31, 1992)........................ 8

*Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*,
 749 F.Supp.2d 188, 191 (S.D.N.Y. 2010) .................................................... 14

*Nelson v. Napolitano*,
 657 F.3d 586, 587– 88 (7th Cir. 2011) ...................................................... 17

*Novoselsky v. Zvunca*,
 324 F.R.D. 197, 208 (E.D. Wis. 2017) ....................................................... 8

*Rice v. City of Chicago*,
 333 F.3d 780, 785 (7th Cir. 2003) ............................................................. 7

*Robinson v. Willow Glen Acad.*,
 895 F.2d 1168, 1169 (7th Cir.1990) .......................................................... 17

*SEC v. Research Automation Corp.*,
 521 F.2d 585, 589 (2d Cir. 1975)................................................................ 9

*Southland Terrace Associates v. Mellon Bank, N.A.*,
 874 F. Supp. 69, 71 (S.D.N.Y. 1995) ....................................................... 17

*Szabo Food Serv., Inc. v. Canteen Corp.*,
 823 F.2d 1073, 1078 (7th Cir.1987) .......................................................... 18

*Tomita Technologies USA, LLC v. Nintendo Co. Ltd.*,
 818 F.Supp.2d 770, 772 (S.D.N.Y. 2011) ................................................... 14

*Toney v. Burris*,
 650 F. Supp. 1227, 1234 (N.D. Ill. 1986), *rev'd*, 829 F.2d 622 (7th Cir. 1987).......... 19

*Vennet v. Am. Intercontinental Univ. Online*,
 No. 05 C 4889, 2007 WL 4442321, at *5 (N.D. Ill. Dec. 13, 2007) ........................... 7

*Winter Enterprises, LLC v. W. Bend Mut. Ins. Co.*,
 No. 1:17-CV-360, 2019 WL 3413907, at *4 (S.D. Ohio July 29, 2019)........................ 7

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. XIV, § 1 ........................................................................ 19

## STATUTES

28 U.S.C. § 1392(c)(2)............................................................................................ 12
28 U.S.C. §1927...................................................................................................... 19
28 U.S.C. § 1391(b)(1) .......................................................................................... 11

## RULES

Fed. R. Civ. P. 60(b)(1)................................................................................ passim

## TREATISES

Haig, Robert L., BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS (Third) §
  3:45 ...................................................................................................................... 16

# INTRODUCTION

Plaintiff Jesse Ward ("Plaintiff" or "Ward"), via counsel, respectfully submits this memorandum of law in support of his motion to vacate the Court's order, dated May 7, 2020 which awarded Defendant Consequence Holdings, LLC ("Defendant" or "Consequence Holdings") $10,000 in attorneys' fees and costs pursuant to the Court's inherent powers, and imposed $10,000 in sanctions against Plaintiff's counsel, Richard Liebowitz, payable to the Clerk of Court. [Dkt. #39] For the following reasons, the Court's Order should be vacated in its entirety and the execution of the Order should be stayed pending resolution of this motion. In the alternative, the Court should vacate the $10,000 award to Consequence Holdings in its entirety and reduce the monetary sanctions to be paid to the Clerk of Court to the reasonable amount of $500.00.

First, as a matter of law and equity, Defendant is foreclosed from recovering any fees or costs associated with this action because it is self-evident that Defendant acted in bad faith by: (a) failing to enter a notice of appearance until 294 days after it confirmed receiving the summons and complaint, thereby increasing the costs of litigation; (b) filing a motion to dismiss even though Consequence Holdings, LLC was officially dissolved and therefore ceased to exist *while the action was pending*; (c) filing a frivolous motion to dismiss based on personal jurisdiction where U.S. Supreme Court law holds that the Court has personal jurisdiction over *any* domestic company organized under the laws of the State of Illinois; (d) failing to meet and confer with Plaintiff before filing its wasteful motion to vacate the entry of default and frivolous motion to dismiss based on personal jurisdiction. As a result of its own malfeasance, and in the interests of

justice, Consequence Holdings must be equitably estopped from any monetary recovery in this matter.

Second, the Court's imposition of $10,000 in sanctions against Plaintiff's counsel, Richard Liebowitz, is unwarranted because it is largely based on inaccurate speculation that Plaintiff filed this action in an improper venue (albeit within the correct forum State). However, provided that the Court has personal jurisdiction over Defendant (which it plainly does as a result of Defendant's incorporation in the State of Illinois), Plaintiff's choice of venue is entitled to substantial deference and cannot be disturbed absent a showing by Defendant that any third-party witnesses would be inconvenienced by proceeding to trial in this District. Plaintiff's election to file suit in the Southern District based on economic and practical considerations, namely saving the cost of retaining two attorneys in a straight forward one-count action, is perfectly legitimate and consistent with well-established caselaw.

Plaintiff's counsel should not have been penalized with a crushing $10,000 sanction for filing a meritorious claim in the venue of Plaintiff's choice where personal jurisdiction over Defendant is patently obvious, i.e., mandated by U.S. Supreme Court law. If Plaintiff opted to file in Southern District of Illinois, rather than Northern, in order to save the time, energy and costs of retaining a second lawyer up North, then that is a *perfectly legitimate reason* to select Southern District as his choice of venue. The cost of litigation is a factor in every civil lawsuit.

Third, the Court violated Plaintiff's right to Due Process under the Fourteenth Amendment by declining to afford Plaintiff the full and fair opportunity to file an opposition brief to Defendants' second motion for sanctions, which was procedurally

improper and failed after the case was closed.  The Court's decision to award substantial fees to Defendant without even considering any arguments in opposition plainly violates Plaintiff counsel's right to Due Process and cannot be sustained under the Fourteenth Amendment of the U.S. Constitution.  Plaintiff and his counsel should have been afforded the opportunity to file an opposition brief.

As a result, the Court's imposition of sanctions should be vacated in its entirety. In the alternative, the Court should vacate the award to Consequence Holdings in its entirety and reduce the monetary sanctions to be paid to the Clerk of Court, in the amount of $500.00.  Plaintiff also respectfully requests that the Court should STAY the June 7, 2020 payment deadline until disposition of this motion is resolved and any appeal of the Court's sanctions order to the Seventh Circuit Court of Appeals is decided.

## PROCEDURAL BACKGROUND

• On September 17, 2018, Plaintiff filed a single count action for copyright infringement against Defendant, a limited liability company organized under the laws of the State of Illinois. [Dkt. #1]

• On September 25, 2018, Defendant was served with a copy of the summons and complaint.  [Dkt. #8].  The deadline to file a response was October 16, 2018.  Defendant never filed a response even though it admits that it received the summons and complaint before the deadline, on October 12, 2018 [Dkt. #26-1, Declaration of Alex Young, ¶ 4]

• On December 26, 2018, the Court issued an Order stating that Plaintiff's case would be dismissed for want of prosecution if he failed to move for a clerk's entry of default on or before January 25, 2019.

• On January 24, 2019, Plaintiff timely moved the Clerk for entry of default under Fed.R.Civ.P. 55(a)(1) and L.R. 55.1(a) in compliance with the Court's order [Dkt. # 11]

• On January 25, 2019, the Clerk entered a default against Defendant. [Dkt. # 13]

• On April 1, 2019, the Court entered a second order to show cause stating that Plaintiff's case would be dismissed for want of prosecution if he failed to move for a default judgment on or before April 22, 2019 [Dkt. #16]

• On April 22, 2019, Plaintiff timely moved for default judgment under Fed.R.Civ.P. 55(b)(2) in compliance with the Court's order.

• On May 8, 2019, the Court entered an Order indicating that Plaintiff's motion for default judgment was deficient for failure to show that the default motion had been mailed to Defendant's last known address.  The Court ordered Plaintiff to affirm that the motion had been mailed to Defendant, but did not set a deadline for such certification. [Dkt. #19]

• On June 27, 2019, the Court entered an order stating that the action would be dismissed unless Plaintiff served the motion on Defendant via its last known address by July 11, 2019.  [Dkt. #20]

• On July 11, 2019, Plaintiff timely filed a certificate of service, indicating that on July 10, 2019, Plaintiff's default motion papers were served by U.S. mail upon defendant Consequence Holdings, LLC at 4609 N. Wolcott Ave., Chicago, IL 60640. [Dkt. #21]

• On August 2, 2019, which was <u>294 days</u> after receiving the complaint, Defendant finally filed a notice of appearance through defense counsel Dan Booth. [Dkt.

# 24]  On that same day, and without conferring with Plaintiff, Defendant moved to vacate the entry of default.  [Dkt. #25]

• On August 9, 2019, the Office of the Secretary of State of Illinois dissolved Consequence Holdings, LLC.  [See Declaration of Richard Liebowitz, Ex. A]  As of August 9, 2019, therefore, Defendant was no longer an operating concern in the State of Illinois.

• On August 19, 2020, the Court granted Defendants' motion to set aside the default. [Dkt. #29]

• On September 9, 2019, without conferring with Plaintiff, Defendant filed a motion to dismiss for lack of personal jurisdiction, and a motion for sanctions against Mr. Liebowitz. [Dkt. #30]

• On September 10, 2019, Plaintiff exercised his unfettered right to voluntarily dismiss the case without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. [Dkt. #31]

• On September 11, 2019, the Court ordered the case dismissed without prejudice and closed the case, which had the effect of terminating all pending motions, including Dkt. #30.  [Dkt. #33]

• On January 10, 2020, Plaintiff filed a second motion for sanctions against Mr. Liebowitz under 28 U.S.C. § 1927 and/or the Court's inherent power.  [Dkt. #35] Significantly, Defendant did not file a motion to re-open the case; nor did the Court ever issue an Order to re-open the case.

• On January 24, 2020, Plaintiff filed a two-page letter with the Court, asking the Court to terminate Defendant's second sanctions motion on grounds that it was

procedurally improper and moot in light of Plaintiff's Rule 41 voluntary dismissal. Plaintiff requested that "[i]n the event the Court finds that the Fee Motion is both timely and properly before the Court, then <u>Plaintiff respectfully requests that the Court set a briefing schedule for the motion at Docket # 35.</u>" [Dkt. #36 (underline added)].

• The Court never set a briefing schedule for the Defendant's improper fees motion, and therefore Plaintiff never filed an opposition brief. Instead, on May 7, 2020, the Court entered an Order imposing $20,000 in sanctions upon Plaintiff's counsel, Richard Liebowitz. Pursuant to the terms of that Order, Liebowitz is to pay $10,000 to the Clerk of Court on or before June 7, 2020 and is to pay $10,000 to Defendant. [Dkt. #39]

## **LEGAL STANDARD**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) ("[T]he words 'mistake' and 'inadvertence' . . .

may include mistake and inadvertence by the judge.")[1]

As more fully detailed below, Plaintiff's motion to vacate under Rule 60(b)(1) (or for reconsideration) satisfies the applicable legal standards.

## ARGUMENT

### POINT I:    DEFENDANT'S BAD FAITH CONDUCT FORECLOSES ANY SANCTIONS AWARD IN ITS FAVOR

Manifest injustice would result if Defendant were permitted *any* monetary recovery in this action given that Defendant has acted in bad faith and comes into Court with unclean hands.  For that reason, the $10,000 fee award to Consequence Holdings should be vacated in its entirety.

Federal courts have routinely determined that a request for sanctions should be analyzed in light of the movant's own misconduct.  *See, e.g., Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003) (vacating sanctions against plaintiff based on failure to meet discovery deadlines where "defendants were equally careless and negligent in complying with their discovery obligations"); *Vennet v. Am. Intercontinental Univ. Online,* No. 05 C 4889, 2007 WL 4442321, at *5 (N.D. Ill. Dec. 13, 2007) ("[a]ny dilatory conduct or failure to comply with discovery rules should also be considered in light of any discovery misconduct on the part of the party moving for sanctions"); *Winter Enterprises, LLC v. W. Bend Mut. Ins. Co.*, No. 1:17-CV-360, 2019 WL 3413907, at *4 (S.D. Ohio July 29, 2019) ("Both sides come before the Court with unclean hands; and

---

[1] Although the Local Rules of this Court did not provide for motions for reconsideration, courts in this Circuit do permit motions for reconsideration to correct manifest errors.  *See, e.g., Birdo v. Dave Gomez*, 214 F. Supp. 3d 709, 714 (N.D. Ill. 2016) (citing *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 911 (N.D. Ill. 2015).

thus, the Court declines to grant the severe sanctions sought by the Plaintiff. To the extent both sides engaged in misconduct in the course of discovery, an extension of the period of discovery will sufficiently alleviate prejudice to either party and get the case back on track for a timely resolution on the merits."); *McCormick v. Cohn*, No. CV 90-0323 H, 1992 WL 687291, at \*4 (S.D. Cal. July 31, 1992) (reversing judgment on grounds of unclean hands where party violated a court order involving discovery that was highly relevant to the defense of the copyright claims), *aff'd*, 17 F.3d 395 (9th Cir. 1994); *Novoselsky v. Zvunca*, 324 F.R.D. 197, 208 (E.D. Wis. 2017) ("A court's inherent authority . . . is equitable in nature, and therefore its exercise can be colored by equitable doctrines such as unclean hands").

Here, Defendant's bad faith conduct and unclean hands plainly foreclose the Court's award of a $10,000 attorneys' fee in Defendant's favor.

A.  **DEFENDANT'S INEXCUSABLE DELAY OF <u>294 DAYS</u> BEFORE FILING A NOTICE OF APPEARANCE CONSTITUTES BAD FAITH AND THEREFORE DISQUALIFIES DEFENDANT FROM RECOVERING ANY MONETARY AWARD**

Despite being properly served with the summons and complaint, and despite Defendant's admission that it received the summons and complaint on October 12, 2018, four days before the deadline to file an answer [Dkt. #26-1, Declaration of Alex Young, ¶ 4], Defendant stuck its head in the sand for a staggering <u>294 days</u> before retaining counsel to make an appearance on August 2, 2019. During that time, Plaintiff was forced to incur time and resources prosecuting a default judgment motion. The Court has appeared to blame Mr. Liebowitz for Defendant's abject failure to respect the summons issued by an Officer of the Court and failure to participate in a federal judicial proceeding for almost ten months after learning of its existence.

Defendant is a corporation that is required to appear through counsel in federal court. *See, e.g., Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22–23 (2d Cir. 1983); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney ...."). Defendant is a sophisticated media company and is charged with knowledge of how to operate a company. It cannot simply plead ignorance of the law and pretend that it was not obligated to appear through counsel as soon as practicable after receiving the summons in early October 2018.

Defendant has failed to explain why it simply didn't retain defense counsel back in October 2018 when it learned of the lawsuit. Instead, it purposefully failed to retain counsel until August 2019 hoping that this meritorious lawsuit would settle for a pittance or just go away. Defendant has failed to provide a valid excuse for its 294-day delay in making an appearance after being summoned to appear before this Court.

## B. DEFENDANT SUSPICIOUSLY DISSOLVED ITS ENTITY BEFORE IT FILED ITS MOTION TO DISMISS AND MOTION FOR SANCTIONS IN SEPTEMBER 2019

At the time Defendant filed its motion to dismiss and for sanctions in September 2019, Defendant was not even an existing entity. On August 9, 2019, the Office of the Secretary of State of Illinois dissolved Consequence Holdings, LLC. [See Declaration of Richard Liebowitz, Ex. A]

As of August 9, 2019, therefore, Defendant was no longer an operating concern in the State of Illinois. Defendant nor its counsel, Dan Booth, notified the Court that Defendant was no longer in existence when it filed its motion to dismiss and motion for sanctions on September 10, 2019. This demonstrates bad faith. This fact should also render Defendant's motion for sanctions void *ab initio*.

Finally, Plaintiff and his counsel were justified in voluntarily dismissing the case given that at the time Defendant filed its motion to dismiss and motion for sanctions, it did not even exist. Plaintiff and his counsel did not want to spend valuable time on a case where the Defendant became insolvent.

In September 10, 2019, Plaintiff filed a claim against the owner of Consequence Holdings, LLC, Alexander Young, in the North District of Illinois. After numerous attempts at trying to serve Mr. Young, Plaintiff decided to voluntarily dismiss the action without prejudice on January 9, 2020, as it was apparent that Mr. Young was evading service. Then, even more suspiciously, Defendant re-instated its entity status in January 16, 2020, just days after the second complaint was voluntarily dismissed in the North District of Illinois. [See Declaration of Richard Liebowitz, Ex. B]

Defendant is not an innocent bystander in this proceeding; it willfully ignored the summons for 294 days, evaded service of process in a related proceeding, dissolved its corporate status while the action was pending and then engaged in gamesmanship once it finally appeared by filing overwrought, baseless motions without conferring with Plaintiff in an attempt to rack up legal fees.  Plaintiff should not have to pay a monetary award to a suspect Defendant who suspiciously dissolved its own corporate status while the action was pending, evaded service of process, and brazenly disregarded a summons to appear in federal court.

**C.    DEFENDANT'S MOTION TO DISMISS BASED ON PERSONAL JURISDICTION WAS PATENTLY FRIVOLOUS AND CONTRARY TO U.S. SUPREME COURT LAW**

Defendant's bad faith conduct is also evidenced by its filing of a frivolous motion to dismiss based on personal jurisdiction. Since 2014, the Supreme Court has held that courts have general jurisdiction over companies which are organized under the laws of

the forum State where the district court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction.") (citation omitted).

Here, there is no dispute that Defendant was organized under the laws of the State of Illinois. That fact is a matter of public record. Accordingly, all three district courts in the State of Illinois (i.e., Central District of Illinois, Northern District of Illinois and Southern District of Illinois) have general, all-purpose jurisdiction over Consequence Holdings, LLC, an Illinois company. *Daimler AG*, 571 U.S. 117. In its frivolous Rule 12 motion, Defendant failed to cite any authority to the contrary and instead relied on obsolete district court cases from 2011 which were implicitly over-ruled by *Daimler*. [Dkt. #30, p. 8 of 21][2]

Venue was also proper. Section 1400(a) provides that a copyright action "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A defendant " 'may be found' wherever that person is amenable to personal jurisdiction." *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 393–94 (S.D.N.Y. 2005). Moreover, "venue is proper in a judicial district where the corporate defendant is subject to personal jurisdiction at the time the action is commenced." *Capitol Records, LLC,* 611 F. Supp. 2d at 365. *See also* 28 U.S.C. § 1391(b)(1) (for a corporate

---

[2] The Court may also have specific jurisdiction over Defendant because Defendant operates an e-commerce website which likely sells products and services to residents within this District. But because Plaintiff can establish general jurisdiction as a matter of Supreme Court law, the Court need not assess whether specific jurisdiction exists. Further, Defendant's level of business activity in this venue may also impact the convenience analysis.

defendant, venue lies in "a judicial in which any defendant resides" which under 28 U.S.C. § 1392(c)(2) is in "any judicial district in which such defendant is subject to the court's personal jurisdiction.").

Here, because the Court unquestionably had personal jurisdiction over Defendant, venue was proper as a matter of law.

**D.** **DEFENDANT'S FAILURE TO MEET AND CONFER WITH PLAINTIFF PRIOR TO FILING ITS MOTIONS UNNECESSARILY INCREASED THE COST OF LITIGATION**

Finally, the majority of fees allegedly incurred by Defendant in this action could have easily been avoided. There was no need to file a full-blown motion to vacate the entry of default. Indeed, Plaintiff did not oppose that motion and would have just stipulated had Dan Booth, defendants' counsel, bothered to meet and confer. Instead, he just racked up legal fees on a useless motion on an attempt to try to get his fees back on a sanctions motion. Defendant cannot be compensated for that work.

Similarly, Mr. Booth failed to confer with Plaintiff before filing its frivolous motion to dismiss for lack of personal jurisdiction. As a result, Defendant should be foreclosed to recovering any monetary award as a result of filing that motion, which as noted, was patently frivolous in any event. In addition, The Court should order Defendant to produce evidence that it actually paid Mr. Booth legal fees as part of this action. It is highly suspect that Defendant, a dissolved entity, would have paid Mr. Booth any fees, particularly as highly inflated as Booth claimed.

**POINT II:** **THE COURT SHOULD NOT IMPOSE SANCTIONS ON PLAINTIFF'S COUNSEL FOR SELECTING A PROPER VENUE THAT IS LEGITIMATELY CONVENIENT FOR THE PLAINTIFF**

The Court's imposition of sanctions upon Mr. Liebowitz largely rests on Plaintiff's election to file suit in the Southern District of Illinois (rather than the Northern

District of Illinois) and Plaintiff's dismissal of the case under Rule 41(a). Neither of these actions warrant imposition of sanctions against counsel because such conduct cannot plausibly be construed as "bad faith." Accordingly, the $10,000 sanctions which is payable to Clerk of Court should be vacated in its entirety. Alternatively, this penalty should be substantially reduced to the amount of $500.00 to reflect the minimal infraction which occurred, namely Plaintiff's failure to serve the Clerk's entry of default under Local Rules, which caused zero prejudice to Defendant which was already in possession of the summons and complaint. Any penalty greater than $500.00 for such a non-prejudicial technical infraction is substantively unconscionable.

**A.  AS A MATTER OF LAW, PLAINTIFF'S CHOICE OF VENUE IS ENTITLED TO SUBSTANTIAL WEIGHT BECAUSE IT WAS PROPERLY MOTIVATED**

The Seventh Circuit holds that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Industries, Inc.,* 347 F.3d 662, 664 (7th Cir.2003), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); see also *General Portland Cement Co. v. Perry*, 204 F.2d 316, 320 (7th Cir. 1953) ("[T]he plaintiff's choice of forum should not be set aside unless the balance as to the convenience of the parties and witnesses is strongly in favor of the defendant."); *Johnson v. Levine,* No. 09-CV-0994-MJR-DGW, 2010 WL 11565552, at *5 (S.D. Ill. Sept. 17, 2010) ("The Court agrees that Mr. Johnson's choice, as plaintiff, is entitled to substantial weight under § 1404(a)" and finding that defendant "has not demonstrated any legitimate inconvenience to the parties or the potential witnesses warranting a transfer of venue.") (citation omitted); a*ccord D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (a plaintiff's choice of forum is accorded "great weight"); *Ford Motor Co.* v. *Ryan*, 182 F.2d 329, 330 (2d Cir. 1950)

("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Tomita Technologies USA, LLC v. Nintendo Co. Ltd.,* 818 F.Supp.2d 770, 772 (S.D.N.Y. 2011) ("Even foreign plaintiffs . . . are entitled to some deference in their choice of forum where it was motivated by legitimate reasons.")

Further, the "availability of appropriate legal assistance" is a legitimate reason for choosing a forum, to which the Court should defer. *Tomita*, 818 F.Supp.2d at 772; *see also Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*, 749 F.Supp.2d 188, 191 (S.D.N.Y. 2010) ("[plaintiff] has articulated several legitimate reasons for selecting the Southern District of New York, including … the location of its preferred counsel."). Reasons "relating to convenience or expense" are also considered legitimate bases for plaintiff's choice of forum, *Tomita*. 818 F.Supp.2d at 772.

Here, Plaintiff choose the Southern District of Illinois as his venue of choice, in part due to the availability of his counsel, Liebowitz Law Firm ("LLF"), which has prosecuted over 2400 copyright infringement actions based on unauthorized use of photographs and therefore has experience in the applicable field of law. Plaintiff, an individual of modest means, did not want to hire two attorneys to prosecute a straight forward infringement suit, as that would increase his out-pocket costs of representation.

While the Court inexplicably describes Plaintiff's effort to avoid doubling his own attorneys' fees as a "bad faith, frivolous effort to harass Consequence Holdings" [Dkt. #39, p. 6], other federal courts have determined that such economic concerns are perfectly valid reasons for selecting a plaintiff's choice of venue. *Tomita, Medien Patent*. Indeed, other than citing Mr. Liebowitz's record of sanctions from unrelated cases (which comprise an infinitesimal fraction of cases filed by Liebowitz's firm since 2016), neither

Defendant nor the Court has shown why Plaintiff's choice of forum should not be entitled to "great weight" as mandated by Seventh Circuit law.

Plaintiff's counsel should not have been penalized with a crushing $10,000 sanction, payable to the Clerk of Court, for filing a meritorious claim in the venue of Plaintiff's choice where personal jurisdiction over Defendant is patently obvious, i.e., mandated by U.S. Supreme Court law. Plaintiff opted to file in Southern District of Illinois, rather than Northern, in order to save the time, energy and costs of retaining a second lawyer up North, which is a *perfectly legitimate reason* for Plaintiff to select Southern District as his choice of venue.

The notion that Defendant's corporate agents would have had to travel 4-5 hours to the courthouse to serve as party witnesses for a one-time trial by jury does not, in and of itself, render Plaintiff's choice of forum "bad faith" or frivolous, as the Court concluded. Defendant is incorporated in the State of Illinois, and must therefore reasonably expect that it can be summoned into Court anywhere within the boundaries of the forum State.[3]

**B.** **DEFENDANT FAILED TO SHOW THAT ITS CORPORATE AGENTS OR THIRD-PARTY WITNESSES WOULD BE LEGITIMATELY INCONVENIENCED BY LITIGATING IN PLAINTIFF'S ORIGINAL CHOICE OF FORUM**

Plaintiff's choice of venue is not only entitled to substantial deference; but it cannot be disturbed absent a showing by Defendant that any third-party witnesses would be inconvenienced by proceeding to trial in this District. *Aquatic Amusement Associates,*

---

[3] Further, without the development of an adequate factual record to establish the nature and extent of Defendant's convenience arguments regarding venue, the Court's imposition of sanctions against Plaintiff's counsel based on choice of venue cannot be supported at law or in equity.

*Ltd. v. Walt Disney World*, 734 Supp. 54, 57 (N.D.N.Y. 1990) ("Although the convenience of party witnesses is worthy of consideration, the convenience of non-party witnesses is a more important factor."); *see also* Haig, Robert L., BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS (Third) § 3:45, p. 281. Fn. 11 ("It is generally assumed that a corporate party can arrange for its employees to testify at trial (wherever held), so greater focus is placed on non-party witnesses.") *Royal & Sunalliance v.British Airways*, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("When weighing the convenience of witnesses, courts must consider the materiality, nature and quality of each witness, not merely the number of witnesses in each district").

To satisfy its burden of showing that this venue is improper, Defendant <u>must</u> identify the names of potential non-party witnesses who would be unavailable to testify at trial in East St. Louis. Yet, Defendant has failed to identify *any* non-party witnesses; nor can it. Thus, Defendant's personal jurisdiction argument was a frivolous sham and its venue argument has no evidentiary support in fact.

C.   ANY ALLEGED INCONVENIENCE TO DEFENDANT COULD HAVE BEEN RESOLVED THROUGH MODERN TECHNOLOGY

Long before the current health crisis demonstrated that the practice of law could be effectuated remotely, federal courts recognized that venue-related concerns regarding inconvenience could be resolved through modern technology. *See, e.g., Duncan v. International Bus. Machines*, 1996 WL 720106, at *5 (S.D.N.Y. 1996) (stating any inconvenience to witnesses can be remedied by presenting videotaped depositions of out of state witnesses); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, Fed. Sec. L. Rep. (CCR) P 95996 (S.D.N.Y. 2010) ("[A]s all movants concede, the location of documents and relative ease of access to sources of proof is not a significant factor in the venue

analysis, as documents are largely electronic and can be transported easily and searched from numerous locations."); *Southland Terrace Associates v. Mellon Bank, N.A.*, 874 F. Supp. 69, 71 (S.D.N.Y. 1995) (observing that "defendant's reliance on the location of documents overlooks the fact that copying technology has made the use of original documents in litigation about as common as the dodo bird except in unusual circumstances involving issues of authenticity and legibility").

In the Digital Age, with limited exceptions, most litigation work is conducted remotely. Thus, a defendant's challenge to venue is now largely driven by perceived tactical advantage, rather than by the actual *convenience* of parties and witnesses (which is the underlying purpose of the venue transfer statute). If the question revolves around New York versus California, then convenience of venue is often more material. But here, Defendant's convenience argument is confined to two districts within the identical forum State, just 4-5 hours apart by automobile, and therefore carries little weight.

At bottom, Defendant's venue argument, which netted it an inconceivable $10,000 attorneys' fee award, was about saving its corporate client a 4-5 hour drive to East St. Louis in the unlikely one-time event of a trial by jury. In contrast, Plaintiff would have needed to purchase a plane ticket and travel hours to the courthouse from his abode in New York - but Plaintiff never once complained about inconvenience.

**POINT III:     THE COURT SHOULD NOT IMPOSE SANCTIONS ON PLAINTIFF'S COUNSEL FOR VOLUNTARILY DISMISSING THE ACTION UNDER RULE 41(a)**

"A suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed." *Nelson v. Napolitano*, 657 F.3d 586, 587– 88 (7th Cir. 2011)*; see also Robinson v. Willow Glen Acad.,* 895 F.2d 1168, 1169 (7th Cir.1990) (the effect of a

voluntary dismissal is to turn back the clock; it is as if the plaintiff's lawsuit had never been brought); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir.1987) (explaining that a Rule 41(a) "dismissal terminates the case all by itself").

The Court determined, in part, that Plaintiff's counsel should be sanctioned for doing that which the Federal Rules expressly permit: voluntarily dismissing the case under Rule 41. However, a plaintiff has an "unfettered right" to unilaterally dismiss a case for any reason (or no reason at all) under Rule 41. *In Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009), the Second Circuit held:

> With regard to the Rule 41 dismissal, a plaintiff who has not been served with an answer or motion for summary judgment has an "unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir.1979). Dismissal of a suit may be disruptive and annoying, but it is permitted by the rules: [P]laintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. **[But as] long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.** *Id.* at 1177 n. 10.

> It follows that Dorsey was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable. Accordingly, because the district court made no finding that Dorsey acted in bad faith in voluntarily dismissing the case under Rule 41, and because Dorsey was entitled by law to dismiss the case, the district court's sanction against Dorsey for filing the voluntary dismissal must be reversed.

> *Wolters Kluwer Fin. Servs., Inc*, 564 F.3d at 114–15 (boldface added).

Here, Plaintiff enjoys an "unfettered right" to dismiss the case for any reason whatsoever under the Federal Rules of Civil Procedure. *Id.* at 114. The Court has not cited any authority which permits a district court to impose sanctions on an attorney for voluntarily dismissing a case as of right under Rule 41(a).

.

**POINT IV:** **THE COURT DENIED PLAINTIFF'S COUNSEL THE RIGHT TO DUE PROCESS DY DECLINING TO RE-OPEN THE CASE OR SET AN APPROPRITE BRIEFING SCHEDULE TO OPPOSE DEFENDANT'S SECOND SANCTIONS MOTION**

The Fourteenth Amendment prohibits governmental actions which deprive "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. *Toney v. Burris*, 650 F. Supp. 1227, 1234 (N.D. Ill. 1986), <u>*rev'd*</u>, 829 F.2d 622 (7th Cir. 1987). "An inquiry into whether there has been a denial of procedural due process, as has been alleged here, has two steps." *Id.* "First, it must be established that the plaintiff has a life, liberty, or property interest." *Id.* "Second, it must be established that the plaintiff was deprived of that interest without being afforded the procedural protections mandated by the fourteenth amendment." *Id.*

Here, the Court deprived Plaintiff's counsel of his right to due process under the Fourteenth Amendment by deciding sanctions motion in a *closed case* without affording Plaintiff's counsel the fair opportunity to file an opposition brief.

On September 11, 2019, the Court ordered the case dismissed without prejudice and <u>closed the case</u>, which had the effect of terminating all pending motions, including Defendant's first motion for sanctions at Dkt. #30. [Dkt. #33]

On January 10, 2020, after the case had been closed for several months and the first sanctions motion vacated, Plaintiff filed a second motion for sanctions against Mr. Liebowitz under 28 U.S.C. §1927 and/or the Court's inherent power. [Dkt. #35]

On January 24, 2020, Plaintiff filed a two-page letter with the Court, asking the Court to terminate Defendant's second fees motion on grounds that it was procedurally improper and moot in light of Plaintiff's voluntary dismissal under Rule 41. Plaintiff requested that "[i]n the event the Court finds that the Fee Motion is both timely and

properly before the Court, then <u>Plaintiff respectfully requests that the Court set a briefing schedule for the motion at Docket # 35."</u> [Dkt. #36 (underline added)].

The Court never entered an Order to re-open the case, as is required. Further, the Court never set a briefing schedule for the Defendant's improper fees motion, and therefore Plaintiff never filed an opposition brief. The Court never issued an Order to Show Cause as why Mr. Liebowitz should not be sanctioned.

Instead, on May 7, 2020, the Court entered an Order imposing $20,000 in sanctions upon Plaintiff's counsel, Richard Liebowitz. The Court's decision to award a substantial fee award to Defendant without even considering any arguments in opposition plainly violates Plaintiff counsel's right to Due Process and cannot be sustained under the Fourteenth Amendment to the U.S. Constitution.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court GRANT Plaintiff's motion to vacate the monetary relief granted in the Court's Order [Dkt. #39] in its entirety, or otherwise reduce the penalty payable to Clerk of Court to the amount of $500.00 to account for Plaintiff's administrative oversight in failing to serve the entry of Clerk's default as required by Local Rules.

Plaintiff also respectfully requests that the Court STAY execution of the June 7, 2020 payment deadline until at least thirty (30) days after the Court has disposed of the present motion or after any appeal to the Seventh Circuit Court of Appeals has been fully resolved.

Respectfully submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Jesse Ward*